March 16, 1914. The opinion of the Court was delivered by
This proceeding is a sequel to Coley v. Coley, reported in 94 S.C. 383, 77 S.E. 49; wherein some issues were decided by Judge Sease and some issues were decided by Judge Memminger.
The sale of defendant's property therein referred to as having been ordered, was made; and the plaintiff and his wife, Eliza, bid off the property so sold at $12,300.00.
Thereout was to be deducted a mortgage debt thereon and certain costs and fees. Then out of the net balance Eliza was to have the one-third, theretofore adjudged by the Court to be due to her.
Had the purchaser at that sale complied with the bid and paid into the Court $12,300.00, this issue would not have been made.
But at the sale Eliza was the bidder, and she did not comply, and the Court ordered a resale thereof at her risk; and the sale has not yet been had.
It is plain, therefore, that Eliza cannot now, before the resale, demand any certain part of the proceeds which may be paid in, after a resale yet to be had, shall be paid to her, say, $1,000.00.
And for the manifest reason, that the portion of the fund to which Eliza may be entitled may be reduced by charging against it any loss which may come out of the resale; because she has been adjudged liable for such loss.
If, therefore, Eliza cannot now demand such payment, neither can she assign to another the right to demand it.
But that is the petitioner's case, he holds only an assignment from Eliza; and like her he must wait and see what shall be in the pot for Eliza at the wind up, before he can take out anything. *Page 100 
In our opinion the order must be modified, so that it shall provide for the payment to the petitioner of $1,000.00, if so much there be out of the amount which shall come to Mrs. Coley, after the resale has been had pursuant to the decree of the Circuit Court, which directed a resale.
The payment of costs and fees had theretofore been fixed by the decree of Judge Sease; and reference thereto must be had.
The costs in those issues determined by Judge Memminger must have been apportioned by his decree; if so, that is the law of the case; if not so fixed, they are taxable by the clerk pursuant to law.
Let the order below be so modified, and let the parties await the events of the future.