## REMBERT v. RAILWAY COMPANY.

1. In action against a railroad company for damages to horses and buggy caused by a defective bridge at a road crossing, the trial judge did not charge upon the facts in saying to the jury, by way of illustration, that railroad companies were corporations to which high privileges were granted.
2. The judge being asked to charge that there was no law which required the railroad company to build a bridge, in South Carolina, of any particular width, replied that it must be a safe structure. *Held* not to be error.
3. The complaint alleged the incorporation of the defendant company. The answer was a general denial, and defendant appeared by attorneys and defended the action. *Held,* that the incorporation of defendant was sufficiently admitted.
4. After plaintiff announced that he closed, and defendant submitted a motion for non-suit upon the ground that there was no proof of the corporate existence of defendant, it was within the discretion of the trial judge to permit plaintiff to offer proof upon this point.

Before ALDRICH, J., Kershaw, February, 1889.

This was an action by E. E. Rembert against the South Carolina Railway Company. After plaintiff announced that he closed his testimony, Mr. Nelson moved for a non suit, upon the ground that defendant's denial put in issue the incorporation of the defendant, and there was no proof of a charter. The court said he would permit plaintiff to introduce the charter. What followed is thus stated in the Brief:

"Mr. Nelson: The complaint alleges the corporate existence of this company; the answer denies it. The code specifically says each and every allegation of the complaint must be proven, except that which is admitted by the answer. I submit, when the plaintiff has failed to introduce testimony on that point, defendant is entitled to a non-suit. That is the point I make.

"The Court: I overrule it. (Exception noted for defendant.) Mr. Shannon (plaintiff's attorney) started to his office for the act of incorporation, but rather than delay the court, was called back.

"Mr. Nelson: I desire the stenographer to note that at the close of the testimony for the plaintiff the attorney for the defendant moved for a non-suit, on the ground that plaintiff's attorney had failed to prove the corporate existence of the defendant company, and the court allowed him to amend his proof."

Verdict was for the plaintiff, and defendant appealed.

*Messrs. Brawley & Barnwell* and *P. H. Nelson,* for appellant.

*Mr. W. M. Shannon,* contra.

July 12, 1889. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. This action was brought by the plaintiff against the defendant company for damages on account of injuries to the property of the plaintiff, caused by the negligence of the company. The complaint alleged that the defendant is a railroad company duly incorporated under the laws of the State of South Carolina; that at a certain point in Kershaw

County the railroad track of the company crosses the public road, and within their right of way they had opened a ditch across the highway and built a bridge over it, which it was the duty of said company to keep in repair; that on January 6, 1888, the plaintiff, driving a two-horse buggy, was returning to his home, and being obliged to cross the bridge, it was so negligently constructed that the plaintiff's horses fell off into the ditch and were thereby seriously injured and the buggy and harness badly broken, to the damage of the plaintiff five hundred dollars, &c. The answer was that "the defendant above named, by Brawley & Barnwell, its attorneys, answering the complaint herein, says it denies each and every allegation in the complaint contained."

The cause came on for trial before Judge Aldrich and a jury. There was evidence tending to show that the bridge was about nine feet wide; that it was a temporary structure, the lumber being already there to make a permanent bridge; that one of the horses shied and knocked the other into the ditch; that the other horse and the buggy followed; that the horses broke loose from the buggy, leaving it considerably damaged, and ran off, &c. Upon the close of the plaintiff's testimony the defendant's attorney moved for a non-suit, on the ground that the plaintiff had failed to prove his case; that the complaint alleged that the defendant company is "duly incorporated," which was not proved; that the answer was a general denial, which put in issue every allegation of the complaint. The judge refused the motion, ruling that it was not necessary, under a general denial, for the plaintiff to prove that the defendant was an "incorporated company," but if it were necessary, he would allow the plaintiff then to offer the proof.

The case went to the jury. The defendant made several requests to charge, but it is unnecessary to notice any of them, except the one as to which the charge was objected to. Defendant's attorney requested the judge, as a matter of law, to instruct the jury "that there is no law in this State requiring a railroad to build a bridge any particular width," to which the judge replied: "It must be a safe structure." The jury found a verdict in favor of the plaintiff for *two hundred dollars,* and the defendant appeals upon the following exceptions:

"1. Because his honor erred in refusing the motion for a non-suit (made after the announcement by the plaintiff that his testimony was closed) upon the failure of plaintiff to prove the corporate existence of the defendant company.

"2. Because his honor erred in not charging, as requested by the attorney for the defendant, 'that there is no law in this State requiring a railroad company to build a bridge of any particular width,' after charging the jury and telling them to inquire, 'did the length or the width of that bridge complained of have anything to do with this accident ?'

"3. Because the charge of his honor was in violation of art. 4, section 26, of the Constitution, and influenced the minds of the jury, in that he spoke of the 'high privileges granted railroad companies, their rights to pass through a man's land or his house, or over the graves of his ancestors, or of his wife and children.'"

Properly, as we think, the last ground of appeal was not pressed here in the argument. The whole charge, taken together, was certainly not unfavorable to the defendant. We do not think that the general observations of the judge as to the privileges granted to railroad companies were "in respect to matters of fact," in the sense of the inhibition in the constitution upon that subject. The matter adverted to was not before the jury for consideration, but was rather in the nature of "an illustration," like the remark in the case of *Fitzsimons* v. *Guanahani Company*, 16 S. C., 196 : "I suppose it would take me ten years of hard study to qualify myself to perform the duties of an inspector of phosphates," &c.

Nor can we hold that the second ground of error was well taken. When asked to charge that there was no law in South Carolina which required a railroad company to build a bridge of any particular width, the Circuit Judge properly replied that "it must be a safe structure."

The appellant seems to rely principally upon the first exception, that it was error in the judge to refuse the non-suit, for the want of proof to sustain the allegation of the complaint, that the defendant company was "incorporated." There is no doubt, as a general rule, that it is incumbent upon the plaintiff to make

proof of every material allegation of his complaint which is controverted by the defendant; but was the allegation that defendant was "an incorporated company" a material allegation in plaintiff's case in issue by the pleadings ? If the allegation was not denied, it was under the code admitted. Was the fact denied? It is well settled in this State that an allegation that the plaintiff is a corporation is not put in issue by a general denial so as to make it necessary to prove the fact. The reasons are fully given in case of *Palmetto Lumber Company* v. *Risley* (25 S. C., 309), where it was held that "an allegation in the complaint of the corporate existence of the plaintiff is no part of the cause of action, and is therefore not put in issue by a general denial." This being so as to a plaintiff being a corporate body, it seems to us that *a fortiori*, it must be true as to a defendant, which, sued as a corporation, made no specific objection on that account, but regularly appeared, and by attorney answered to the merits. That was a substantial admission of the character in which it was sued. See *Graveley* v. *Graveley*, 20 S. C., 104.

Besides, if there were any doubts about it, there can be none that, upon motion, the Circuit Judge had the discretion, to be exercised in the interest of truth and justice, to allow the proof to be offered, even after the plaintiff's attorney had formally announced that his testimony was closed. See *Kairson* v. *Puckhaber*, 14 S. C., 627 ; *Cantey* v. *Whitaker*, 17 *Id.*, 528.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.