### COLEY v. COLEY.

1. HUSBAND AND WIFE—CONTRACTS.—A husband and wife in settlement of an alimony suit, executed an agreement to live together so long as they could agree, but if not, then the property of the husband should be sold and she should be paid out of the proceeds of sale her dower interest; while they lived together, the husband executed a mortgage on his lands on which the wife renounced her dower; after this, disagreement and separation followed and the land was sold at the instance of the wife; *held* the mortgage debt was to be paid before division.

2. ATTORNEYS—FEES.—A stipulation in a contract that the debtor shall pay a certain per cent. of the debt as attorney's fees for collection or suit will be enforced according to its terms, unless it appears to the Court that the charge is unconscionable or extortionable, in which case the Court should either, at the instance of the debtor or of its own motion, reduce the charge to an amount which would be reasonable compensation for the services rendered by the attorney for the creditor.

Before MEMMINGER, J., Charleston, 1912.    Modified.

Action by Eliza Coley against J. M. Coley.    Plaintiff appeals.

*Mr. W. A. Holman,* for appellant, cites: *As to the payment of the debt:* 18 S. C. 431.

*Messrs. Logan & Grace,* contra, cite: *As to payment of mortgage:* 18 S. C. 431.    *As to attorney's fees:* 84 S. C. 463.

*Mr. Edwin J. Blank,* for mortgagee, cites: *As to attorney's fees:* 84 S. C. 462; 28 S. C. 313; 33 S. C. 285; 13 S. C. 485; 71 S. C. 425; 37 S. C. 200; 50 S. C. 303; 71 S. C. 302; 62 S. C. 186; 71 S. C. 258.

April 26, 1913. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff and the defendant were married in 1892. Differences arose between them in 1903 which resulted in separation and a suit for alimony. After the allowance of temporary alimony and before the trial of the cause, the parties became reconciled and entered into the following agreement: "It is hereby mutually agreed by and between the plaintiff, Eliza Coley, and the defendant, J. M. Coley, as follows: The parties to the above case do each agree to settle the differences arising out of the above case. The plaintiff, Mrs. Eliza Coley, hereby consents to forgive the past and return to the home of her husband, and to resume the duties of a wife. The defendant, J. M. Coley, agrees to treat the said Eliza Coley in a kind and affectionate manner, and in every way to act as a kind husband.

"It is hereby further agreed between the said parties, that in the event they cannot agree, or in the event the said J. M. Coley shall ill treat the plaintiff, Eliza Coley, then and in such case the parties agree to live separate and apart, and all the property is to be sold and the plaintiff is to have her share allotted to her, to the same extent as the law would give her dower."

In 1907 the defendant, J. M. Coley, executed a mortgage on some of his property to Solomon Blank for $2,000.00, and on this mortgage the plaintiff renounced her dower. Afterwards, in 1910, the husband and wife again disagreed and separated, and the wife brought this action to enforce her rights under the contract. Judge Sease, who first heard the cause, held that the husband had breached the contract,

and that the plaintiff, his wife, was entitled to have the property of the defendant sold and to have paid to her one-third of the net proceeds unconditionally, and he ordered a sale and the payment of one-third of the net proceeds to the plaintiff. Before the sale, Blank, the mortgagee, filed his petition asking that his mortgage be paid from the funds to be realized therefrom. The property was sold for the sum of $12,300.00, and a controversy as to the distribution of the proceeds arose on two points: First, was the mortgage of Blank to be paid first and one-third of the remainder paid to the plaintiff, or was the plaintiff to receive one-third of the entire proceeds of the sale, leaving the mortgage to fall entirely on the two-thirds remaining to the defendant? Second, was Blank, the mortgagee, entitled to collect for fees of his attorney ten per cent. on the $1,800 remaining due, according to the stipulation of the mortgage that if the property should be sold or the mortgage put into the hands of an attorney for collection, the mortgagor should be chargeable with ten per cent. attorney's fees?

On the first issue, Judge Memminger, before whom the matter came, correctly held that the mortgage must be paid before the division between the husband and wife.

1    The word property used in the contract was evidently meant in the sense of total assets, that is, the property in hand at the date of the apprehended separation less the debts of the husband contracted in the regular conduct of his affairs. The plaintiff had assented to the charge on the property by the renunciation of her dower on the mortgage, and this is an important circumstance in favor of the finding of the Circuit Court.

On the second point, Judge Memminger held that the attorney for Blank was entitled to collect the full commission of $180 under the stipulation. This, brings up the interesting question whether the payment of the amount of the definite per cent. or a definite sum which the debtor con-

tracts with his creditor to pay as an attorney's fee for the collection of the debt if it be not paid at maturity, is always enforcible without respect to whether the creditor has paid to his attorney the fee called for, or would be under any obligation to pay the full amount as compensation for the professional services rendered. Considering the question from a practical standpoint, it is important to observe that it concerns the attorney of the creditor alone, for the creditor is not concerned in the stipulation further than that the debtor should pay whatever sum he has paid his attorney or could be called on to pay him, provided it did not exceed the fee stipulated for. Hence, when the question arises whether the demand for the entire fee mentioned in the stipulation is exorbitant or unconscienable, the Court really deals not with an issue between the debtor and the creditor, but with an issue between the debtor and the attorney for the creditor, who is one of its own officers. The well established rule is that an attorney occupies no trust relation to his client before entering his service except the public trust which he assumes in taking his office, that he will always act with honesty and fairness; that he will not lower his profession by cheapness, nor promote his own interest by extortion. It follows, that subject to this public trust, an attorney is free to contract with one proposing to become his client; and the presumption is that he has acted with candor and that the contract is fair. *Ex parte Gadsden*, 89 S. C. 352. But when there is an appearance of extortion on the part of an attorney, jealousy for the fair name and usefulness of the profession, and duty to the public require that the Court should scrutinize the transaction and prevent any unconscienable advantage. Even where there is no relation of public or private trust and no actual fraud courts of equity have uniformly refused to enforce, or have given affirmative relief, against, contracts so unequal and unconscienable as to shock the sense of right of

reasonable men.  *Butler* v. *Haskell,* 4 DeS. 697; *McCants* v. *Bee,* 1 McC. Ch. 383; *Gasque* v. *Small,* 2 Strobh. Eq. 72. For a greater reason, the Court will relieve against excessive charges made by, or for the benefit of, attorneys who are officers of the Court, sustaining a relation of trust to the public.  The subject was fully discussed, and the power and duty of the Court to give relief to the debtor in cases of extortionate exactions forcibly stated in *Matheson* v. *Rogers,* 84 S. C. 458, 65 S. E. 1054.  Consideration of that case and other authorities, as well as the reason of the matter, leads to this as a fair and practical rule on the subject: A stipulation in a contract providing that the debtor shall pay a certain per cent. of the debt as attorney's fees for collection or suit will be enforced according to its terms, unless it appears to the Court that the charge is unconscienable; but when it appears to the Court that the per cent. stipulated for would be an extortionate and unconscienable charge for the service rendered, the Court should, either at the instance of the debtor or of its own motion, reduce the charge to an amount which would be reasonable compensation for the services rendered by the attorney for the creditor.

Applying the rule to this case we think the charge must be reduced.  There was no denial of liability.  The debtor agreed that the mortgage should be paid from the proceeds of the sale to be made.  The attorney rendered no service except to present the claim of the mortgagee to the Court in a formal manner.  For such a service concerning a debt for $1,800 a charge of $180 is extortionate.  Taking a liberal view of the work and responsibility involved, we think fifty dollars would be full compensation for the services rendered.

It is but just to say that there is no reason to impute to the attorney for the creditor any intention to be extortionate. In this Court, at least, he did nothing more than submit the matter to the Court.

The judgment of this Court is that the fee allowed counsel for the mortgagee be reduced to fifty dollars, and that in other respects the judgment of the Circuit Court be affirmed. Modified.