8747

*EX PARTE* HOLMAN.

*IN RE* COLEY v. COLEY.

(81 S. E. 518.)

Judicial Sales. Proceeds of Sale. Assignment.

1. Petitioner acquired subsequent to a judgment and decree for sale, and prior to sale, an assignment of his assignor's undivided one-third interest in net proceeds of sale of lands (after payment of amount due on a mortgage thereon) ordered to be sold at judicial sale. The assignor then bid in the property at such sale, and failed to comply with her bid. Thereupon the property was ordered under a supplementary order to be resold at said assignor's risk as bidder. *Held,* petitioner's assignor, though entitled to one-third the net balance of the resale of property after the mortgage shall have been paid, could not, before such resale, demand that any certain part of the proceeds be paid to her.

2. So, petitioner's assignor not being entitled to demand such payment, neither could petitioner, the assignee.

Before Bowman, J., Charleston, September, 1913. Modified.

Action by Eliza Coley against J. M. Coley. Heard upon the *ex parte* petition of W. A. Holman. From an order directing payment to petitioner of a certain amount out of the proceeds of a resale of property, defendant appeals.

From the case it appears that on the 29th day of April, 1912, Eliza Coley, in consideration of $200.00 in cash received from W. A. Holman, and for a fee of $800.00 agreed upon, between the parties, made, executed and delivered to W. A. Holman, Esq., an assignment of her one-third interest in a judgment which she had recovered in the case of *Coley* v. *Coley,* 94 S. C. 383, 77 S. E. 49; on the 25th of June, 1912, after the assignment to said W. A. Holman, the property was sold under said judgment at public outcry by F. K. Myers, one of the masters for Charleston county, and was purchased by Eliza Coley at

7—98.

and for the sum of $12,300.00, but Mrs. Coley was unable to comply with her bid, and it was necessary to have an order of the Court to resell the property; Mrs. Coley resisted the resale at her risk, but the Judge decreed otherwise in the cause, and directed the property to be resold by F. K. Myers, one of the masters for Charleston county. On September 24th, 1913, Mr. Holman filed a petition in the Court, setting forth the fact that Mrs. Coley had assigned to him one-third of the judgment in the case of *Eliza Coley* v. *J. M. Coley,* to secure him for $200.00 cash advanced, and for $800.00 for services rendered, and J. M. Coley was duly notified of this assignment before the first sale. Mr. Holman took the position that he had a lien on the one-third of the judgment for the sale of said property, and that Mrs. Coley by no act on her part could destroy his security under said assignment, as it also appeared that he had no part in the bid made by her; J. M. Coley took the position that the rights of W. A. Holman, Esq., should be subject to the resale, and that if the property did not bring a sufficient amount to make good any deficiency that might arise, on account of the bid of Mrs. Coley at the first sale, that then the rights of the said W. A. Holman should be so far destroyed or diminished. Judge Bowman did not agree with the contention of J. M. Coley, and decreed that Mr. Holman be paid $1,000.00 out of the one-third represented by the interest of Mrs. Coley, if the same should be sufficient to pay said amount, after deducting all proper charges, and if less than $1,000.00, then such amount be paid to him on account of such assignment, as remained in the hands of the master for that purpose. The defendant, J. M. Coley, appealed from the order of his Honor, Judge I. W. Bowman, upon the grounds and exceptions set out in the case.

*Messrs. Logan & Grace,* for appellant.

*Mr. R. C. Holman,* for respondent.

March 16, 1914.

The opinion of the Court was delivered by Mr. Justice Gage.

This proceeding is a sequel to *Coley* v. *Coley,* reported in 94 S. C. 383, 77 S. E. 49; wherein some issues were decided by Judge Sease and some issues were decided by Judge Memminger.

The sale of defendant's property therein referred to as having been ordered, was made; and the plaintiff and his wife, Eliza, bid off the property so sold at $12,300.00.

Thereout was to be deducted a mortgage debt thereon and certain costs and fees. Then out of the net balance Eliza was to have the one-third, theretofore adjudged by the Court to be due to her.

· Had the purchaser at that sale complied with the bid and paid into the Court $12,300.00, this issue would not have been made.

But at the sale Eliza was the bidder, and she did not comply, and the Court ordered a resale thereof at her risk; and the sale has not yet been had.

It is plain, therefore, that Eliza cannot *now,* before the resale, demand any certain part of the proceeds which may be paid in, after a resale yet to be had, shall be paid to her, say, $1,000.00.

And for the manifest reason, that the portion of the fund to which Eliza may be entitled may be reduced by charging against it any loss which may come out of the resale; because she has been adjudged liable for such loss.

If, therefore, Eliza cannot now demand such payment, neither can she assign to another the right to demand it.

But that is the petitioner's case, he holds only an assignment from Eliza; and like her he must wait and see what shall be in the pot for Eliza at the wind up, before he can take out anything.

In our opinion the order must be modified, so that it shall provide for the payment to the petitioner of $1,000.00, if so much there be out of the amount which shall come to Mrs. Coley, after the resale has been had pursuant to the decree of the Circuit Court, which directed a resale.

The payment of costs and fees had theretofore been fixed by the decree of Judge Sease; and reference thereto must be had.

The costs in those issues determined by Judge Memminger must have been apportioned by his decree; if so, that is the law of the case; if not so fixed, they are taxable by the clerk pursuant to law.

Let the order below be so modified, and let the parties await the events of the future.