## L. F. CRUTCHER, Appellant, v. WILLIAM SIMS, Respondent.

Springfield Court of Appeals, November 5, 1914.

1. **APPELLATE PRACTICE: Evidence Conflicting: Trial Court's Finding Stands.** The appellate court will not disturb the finding of the trial court on conflicting evidence.

2. **ATTORNEY'S FEES: Allowance: Evidence.** Evidence as to what is a reasonable attorney's fee in a particular case is merely advisory to either judge or jury.

3. ———: **Allowance by Court: Advisory Evidence not Essential.** The trial judge allowed an attorney's fee to a successful de-

fendant, in an action for the recovery of usury (Sec. 7182, R. S. 1909), without hearing advisory evidence as to the amount of such fee. *Held*, not error.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*Hamlin & Seawell* for appellant.

If the court found from the evidence that usurious interest had been exacted and collected, then under the law, it had a right to render a judgment for the amount of the usurious interest paid in excess of the legal rate, and for cost of suit including a reasonable attorney's fee. R. S. 1909, sec. 7182. But the question as to what would be a reasonable attorney's fee should have been established by proper testimony just the same as the fact that usury had been charged.

*W. R. Self* for respondent.

No brief filed.

FARRINGTON, J.—The plaintiff (appellant) instituted this action in a justice's court on a promissory note payable to his son, L. A. Crutcher, in the sum of one hundred dollars, with interest at eight per cent per annum from date, dated October 19, 1906, and signed by the defendant (respondent). The case reached the circuit court on appeal where it was tried anew.

Defendant, for answer, admitted that on or about October 19, 1906, he borrowed from L. F. Crutcher the sum of one hundred dollars and gave his note therefor payable to L. A. Crutcher, the son of the plaintiff, and that at that time the plaintiff gave him ninety dollars and retained ten dollars for one month's interest. Fur-

ther answering, defendant alleged that he has fully
paid the note in suit; also, by way of counterclaim,
that he has paid to L. F. Crutcher the sum of one hun-
dred dollars, as usurious interest, over and above the
legal rate of eight per cent on the sum of money bor-
rowed, and asks judgment for one hundred dollars and
a reasonable attorney's fee.

The issue was sharply drawn in the circuit court
as to the payment of this note. The defendant, on
whom the burden of proof was cast, testified that he
never at any time borrowed more than one hundred
dollars from L. F. Crutcher, receiving on that loan
only ninety dollars, and that he never borrowed or re-
ceived any sum of money from L. A. Crutcher; that
from time to time he. was required by the plaintiff to
sign renewal notes, and that when he made a renewal
note the plaintiff told him the original note was down
at his home and that he would mark it paid and de-
liver it to him. In corroboration, defendant proved
by his brother, who was at that time sheriff of Greene
county, that there was a balance paid on a note of
some eighty dollars which paid the note in full. Plain-
tiff admits having received this money from defend-
ant's brother but contends that that was a payment on
a different note and transaction. The plaintiff's tes-
timony is that there was some three hundred or four
hundred dollars loaned to the defendant and notes
taken for the various amounts at the different times,
and he is corroborated somewhat by his son's testi-
mony.

The questions as to whether this note in suit was
paid and as to whether (on defendant's counterclaim)
usury was collected were purely questions of fact and
were determined by the judgment of the trial court
sitting as a jury in favor of the defendant as to the
note and for nine dollars and seventy-five cents
usurious interest collected. Although there appears
in the motion for a new trial an assignment to the ef-

fect that there was no evidence of probative force showing that usury had been collected, the evidence offered by the defendant was competent, and if believed (and it was believed) by the trial court, that settled that question so far as this court is concerned.

The second and only point relied upon by appellant for reversal on which authorities are cited is that the court acting under section 7182, Revised Statutes 1909, assessed an attorney's fee of twenty-five dollars against plaintiff. It is insisted that the record fails to show any evidence at the trial relative to the value of the services rendered by defendant's attorney. There is no complaint that the amount fixed was in any way unreasonable; nor is it disputed by appellant that the trial court may assess attorneys' fees under the statute mentioned. The only contention is that the court did not have any evidence whatever before it from which to determine the amount to be allowed.

That evidence as to what is a reasonable attorney's fee in a particular case is merely advisory to either judge or jury cannot be questioned. [See, Cosgrove v. Leonard, 134 Mo. l. c. 425, 33 S. W. 777, 25 S. W. 1137, and cases cited.] It is true, the trier of that issue must have before it in some form the general nature and extent of the services actually rendered. In this case, the circuit judge who had tried the usury case had before him the pleadings drawn by the attorney for the defendant, and knew from the records of his court of the trial in the justice's court, and had personally witnessed the defendant's attorney conducting the trial before him. Hence it cannot be said that there was no evidence upon which to base the allowance of an attorney's fee. If the trial judge had proceeded as appellant's counsel insist he should, attorneys would have been called as witnesses and asked what in their opinion the services rendered were reasonably worth—all of which the trial judge in this

case knew already. Their testimony would have been only advisory to him in fixing the amount.

We must deny that reversible error was committed, under the circumstances, in allowing an attorney's fee for services in the absence of expert testimony as to the reasonable value of those services. There is no doubt in our minds that a judge who is experienced and is himself in a sense an expert on the value of legal services can from his own knowledge of a case tried before him fix the amount of a fee to be allowed to an attorney in the case without any advisory testimony as to their value. It was held in the case of Colley v. Wolcott, 187 Fed. 595, that a court may properly make an allowance of fees for solicitors for services rendered before it upon its own knowledge as to the extent and value of such services. The same decision was reached in the case of Larscheid v. Kittell, 142 Wis. 172, 125 N. W. 442, 20 Ann. Cas. 576, in which a number of authorities are cited to the effect that the judge before whom a proceeding has been pending may very properly, in the absence of any additional testimony of the value of services of attorneys in the case, make an allowance of an attorney's fee. [See, also, 2 Ruling Case Law, sec. 145, page 1059.]

The judgment is affirmed. *Robertson, P. J.,* and *Sturgis, J.,* concur.