## 9424

### SMITH *ET AL.* v. PHIFER *ET AL.*

#### (89 S. E. 323.)

BILLS AND NOTES — AMOUNT RECOVERED — ATTORNEY'S FEES. — Where secured notes provided for interest from a date prior to their execution until paid at 7 per cent. per annum, with all costs of collection, and 10 per cent. attorney's fees, without being made dependent upon failure to pay at maturity, and in a suit on the notes plaintiff demanded 10 per cent. in the complaint making a judgment for 10 per cent. recoverable by default, although defendants contested to the extent of requiring proof which should have been made on a default case of the ownership of two of the notes, which had not matured, but, according to the terms of the mortgage, became due on default in payment of the first, 5 per cent. attorney's

fees being large enough under the circumstances of the case, a judgment for 10 per cent. attorney's fees will be reduced to that amount.

Before DeVore, J., Bamberg, November, 1915.   Modified.

Action by B. H. Smith and another against T. M. Phifer and others.   Judgment for plaintiffs, and defendants appeal.

*Mr. W. D. Barnett,* for appellants, submits: *The Court must determine whether fees allowed were reasonable for the services rendered by counsel:* 84 S. C. 463; 2 R. C. L., p. 1060, par. 145, p. 1061, par. 147; 94 S. C. 387; 87 S. E. 542; 103 S. C. 299.

*Mr. Thos. M. Boulware,* for respondent, submits: *Trial Judge exercised his discretion in allowing fee in accordance with the stipulation in contract, and no abuse is alleged:* 82 S. C. 150.

June 30, 1916.
The opinion of the Court was delivered by Mr. Justice Fraser.

This is a suit on three notes and for the foreclosure of the mortgage given to secure them.   The only question in controversy between the parties is the allowance of 10 per cent. attorney's fees.

The following is a copy of one of the notes :
"Columbia, S. C., August 31, 1914.   On March 1, 1915, we promise to pay to the order of B. H. Smith, one thousand two hundred and fifty ($1,250.00) dollars, value received, payable at the Palmetto National Bank, Columbia, S. C., with interest from July 18, 1914, until paid, at 7 per cent. per annum, with all costs of collection and 10 per cent. attorney's fees.   (Signed) T. M. Phifer, C. S. Campbell, Frank G. Tompkins."

The other two notes are practically the same. At the time this action was commenced only one note was due, but the mortgage provided that on failure to pay one note the others would become due. The defendants by their answer required the plaintiff to prove the ownership of the notes, and denied that 10 per cent. attorney's fees should be allowed. The action was tried in Circuit, and the full 10 per cent. attorney's fees was allowed. From that judgment this appeal was taken, raising the single question as to the amount of attorney's fees.

There was conflict of testimony. Some of the plaintiff's witnesses seemed to take into account the fact that the suit was contested. One of plaintiff's witnesses said that, if there had been no contest, 5 per cent. would have been enough. The plaintiff demanded in the complaint full 10 per cent. If, therefore, the defendants had not answered, judgment would have been taken for the 10 per cent. A judgment by default, therefore, would have been unjust to the defendants, and they certainly should not be made to pay a penalty for preventing an injustice to themselves.

The demand of strict proof of ownership of the notes not due was reasonable and a wise precaution. This proof should have been made on a default case.

It will be observed, on reading the note, that the 10 per cent. was absolute, and not dependent upon failure to pay at maturity, so there could be no estimate on subsequent interest.

It is the judgment of this Court that 5 per cent., under all the circumstances of this case, is large enough, and it is ordered that the judgment be reduced to the principal and interest and 5 per cent. of the principal sum, as attorney's fees.

MR. CHIEF JUSTICE GARY, being disqualified, did not sit, nor participate in the consideration of this case.