### 10946

BANK OF ENOREE v. YARBOROUGH *ET AL.* (2 CASES)
WOODRUFF OIL & FERTILIZER CO. v. SAME (2 CASES)
(113 S. E. 313)

1. CORPORATIONS—GENERAL DENIAL DOES NOT PUT IN ISSUE INCORPORATION.—A general denial in an answer does not put in issue the incorporation of the plaintiff alleged in the complaint.

2. PLEADING—ALLEGATION DEFENDANT HAS NOT KNOWLEDGE AND INFORMATION AS TO INCORPORATION DOES NOT PUT THAT FACT IN ISSUE.—An allegation in an answer that defendant has not knowledge or information sufficient to form a belief as to the corporate capacity of the plaintiff does not put that fact in issue.

3. CORPORATIONS—MERE DENIAL OF CORPORATE EXISTENCE OF PLAINTIFF DOES NOT PUT THAT FACT IN ISSUE.—Denial of the corporate existence of the plaintiff unaccompanied by any facts upon which the belief is based, does not put that fact in issue, since the ground of attack on the corporate existence should be specified.

4. PLEADING—INCORPORATION IS FACT OF PUBLIC RECORD AS TO WHICH DEFENDANT CAN OBTAIN INFORMATION.—The legal existence of a corporation is a matter of public record, so that there is no justification for an attack upon such existence in pleadings to be alleged upon information and belief, and the fact that they are so alleged, casts a serious doubt upon the sincerity of the attack.

5. PLEADING—GENERAL DENIAL DOES NOT PUT IN ISSUE DESCRIPTIVE DETAILS OF THE NOTE.—Where the complaint contained a description of the note in suit, a general denial does not put in issue the descriptive details of the note.

#### ON PETITION FOR REHEARING

6. BILLS AND NOTES—COURT CAN DETERMINE REASONABLENESS OF AGREED ATTORNEY'S FEES WHETHER SUIT IS AT LAW OR EQUITY.—In an action on a note which provides for attorney's fees, either a reason-

able fee or a stipulated percentage of the recovery, the trial Court
can determine the reasonableness of the fee specified, if the suit
is in equity, under its general equitable powers, or, if it is at law,
under its power to control its officers.

7.  BILLS AND NOTES—PLEADING—REASONABLENESS OF ATTORNEY'S
    FEE ON ADMITTED FACTS IS QUESTION FOR THE COURT.—In an action
    on a note providing for recovery of an attorney's fee, the reason-
    able amount of the fee is a question of law to be determined by the
    Court if there is no dispute as to the facts, so that, where the an-
    swer raised only the issue of the reasonable amount of the fee, it
    was not error to render judgment on the pleadings and fix the
    attorney's fee at a reasonable sum less than the percentage specified
    in the note.

Before SEASE, J., Spartanburg.    Affirmed.

Actions by Bank of Enoree, and by Woodruff Oil &
Fertilizer Company against John Yarborough *et al.,* on
notes.   Judgment for plaintiff in each action on the plead-
ings, and defendants appeal.

*Mr. Cornelius Otts,* for appellants, cites: *Frivolous
answer:*   105 S. E., 346; 43 S. C., 17; 27 S. C., 164.
*Proof of notes necessary under form of denial:* 22 S. C.,
522.   *Attorney's fees:*   105 S. C., 100; 81 S. C., 67.   *Suf-
ficient denial of corporate existence:*   21 S. C., 27; 105
S. E., 316.   *Additional grounds not considered in law
case:*   79 S. C., 54; 60 S. C., 570; 84 S. C., 512.

*Messrs. Lyles, Daniel & Drummond,* for respondents,
cite:   *Corporate existence not in issue under general de-
nial:*   98 S. C., 136.   *Nor were essentials of notes denied:*
105 S. C., 513; 101 S. C., 185.   *Attorney's fees matter
for Court:*   94 S. C., 387.    *Frivolous answer:*   106 S.
C., 547.   *Sham answer:* 6 S. C., 113; 97 S. C., 389;
101 S. C., 185; 100 S. C., 196.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE
COTHRAN.

Four actions were commenced against the defendants, two by the Bank of Enoree and two by Woodruff Oil & Fertilizer Company, upon certain notes. They were tried together on Circuit, and the appeals were heard together in this Court. The same questions arise in all of the cases, and they will be discussed and determined in connection with the first cause of action alleged in the complaint of the Bank of Enoree against John Yarborough and others, the decision being determinative of the issues in all of the cases.

The appeal is from an order of Circuit Judge Sease, at Chambers, rendering judgment in favor of the plaintiff, upon the pleadings.

In the cause of action referred to it is alleged:

(1) The incorporation of the plaintiff.

(2) A description of the note with the usual particularity as to amount, date, maturity, interest rate, attorney's fees, demand, and ownership.

(3) Indorsement by the defendants other than John Yarborough, the principal debtor.

In the answer the defendants allege:

(1) A denial of each and every allegation of the complaint not thereinafter admitted.

(2) Upon information and belief specifically denied the corporation of the plaintiff as alleged in Paragraph 1 of the complaint and demands strict proof thereof.

(3) A denial that 10 per cent. is a reasonable fee for the collection of the note.

(4) An admission of the execution of certain notes, but a declaration of ignorance as to the amounts or maturities thereof.

The plaintiff then, after due notice, moved before Judge Sease at Chambers:     (1) For an order striking out the answer as sham and intended only for delay; (2) for judg-

ment, upon the verified complaint, the note sued upon, and the answer.

Upon the hearing, the Circuit Judge passed an order, holding that the answer was interposed merely for delay and was sham, but that it was unnecessary to strike it out as such as he preferred to base his order upon the motion for judgment. He therefore held that the answer raised no issue of fact and rendered judgment under the Act of 1921, page 281, in favor of the plaintiff, fixing the attorney's fees for all of the cases, involving $16,211.93, at $665.00.

From this order the defendants have appealed and contend that the answer raises issues of fact involving:

(1) The corporate capacity of the plaintiff.

(2) The amount, maturity, date, interest rate, attorney's fees, demand and ownership of the note.

(3) The reasonableness of the attorney's fee to be allowed.

As to the first point, that the answer raised an issue of fact as to the corporate capacity of the plaintiff:

It has been established by an unbroken line of decisions in this State, that a general denial in an answer does not put in issue the fact of the incorporation of the plaintiff alleged in the complaint. *Commercial Co. v. Turner,* 8 S. C., 110; *Steamship Co. v. Rodgers,* 21 S. C., 27; *Palmetto Co. v. Risley,* 25 S. C., 309; *Rembert v. R. Co.,* 31 S. C., 309, 9 S. E., 968; *Walpole v. City Council,* 32 S. C., 547, 11 S. E., 391; *Land Co. v. Williams,* 35 S. C., 367; 14 S. E., 821; *Hankinson v. R. Co.,* 41 S. C., 1; 19 S. E., 206; *Montgomery v. R. Co.,* 73 S. C., 503; 53 S. E., 987.

It is equally well established that an allegation in the answer that the defendant has not knowledge or information sufficient to form a belief as to the corporate capacity of the plaintiff, does not put that fact in

issue.    *American Co. v. Hill,* 27 S. C., 165; 3 S. E., 82; *Ober v. Blalock,* 40 S. C., 31; 18 S. E., 264; *Seigler v. R. Co.,* 85 S. C., 345; 67 S. E., 296; *Gin Co. v. Counts,* 98 S. C., 136; 82 S. E., 391.

It is apparent, however, that there is a marked distinction between an allegation of the character just described and an allegation that upon information and belief the defendant denies a certain alleged fact.    The latter bears no analogy to the former; in fact, it is the reverse of it, in that it alleges both information and belief, which the former denies.

The decisions quoted are not therefore conclusive of the question whether or not a specific denial of the corporate capacity of the plaintiff, made upon information and belief, stating no grounds of attack or nature of the information alleged to have been received which created the alleged belief, puts that corporate capacity in issue.

We recognize the general rule of pleading that an express denial of an allegation in the complaint is not the less specific because made upon information and belief; yet in an attack upon the legal capacity of the plaintiff to maintain his suit, in the interest of fair dealing and frank and honest pleading, something more is required than a bold denial, specific though it may technically be considered; and this is the spirit of the case hereinbefore cited.

In *Blackwell v. Mortgage Co.,* 65 S. C., 105; 43 S. E., 395, it is declared:

"The defendant cannot take advantage of this objection under a general denial, but demurrer was the proper remedy when the objection appears upon the face of the complaint; and when it does not so appear, the appropriate remedy is to set up the objection as a defense in the answer.    In either case, the defendant is required to specify distinctly the grounds of the objection."

In 14 A. C. J. 829, it is said:

"Whether the plaintiff's corporate existence is questioned by the plea in abatement, by plea in bar, or by answer, the matter should be set out with precision and should be direct and positive."

A defendant honestly attacking the corporate existence of the plaintiff, upon facts within his knowledge or upon information leading to the conviction that such attack is justifiable, has no right to complain that he be required to fight in the open, and not be allowed to raise an issue which will accomplish his purpose of delay and be abandoned when the day of judgment may no longer be postponed.

Another consideration leads us to this conclusion:

4    The legal existence of a corporation is a matter of public record; there is no justification for the grounds of attack to be alleged "upon information and belief"; the fact that they are so alleged casts a serious doubt upon the sincerity of the attack.

In *Nelson v. Twin Falls,* 14 Idaho, 5; 93 Pac., 789, it is held that the Code does not authorize a denial on information and belief of an allegation that plaintiff corporation has complied with the law in filing its articles of incorporation, etc., since such fact may be ascertained from the public records.

In *First National Bank v. Walker,* 27 Idaho, 204; 148 Pac., 46, it is held:

"The corporate existence of a national bank is a matter of public record, and, under a long line of decisions from this and other Courts, a denial on information and belief of matters of public record is not a sufficient denial, under our statute."

In *Wilson Co. v. Trainor* (27 Cal. App. 43), 148 Pac., 954, it is held, quoting from the syllabus:

"The plaintiff's allegation of its corporate capacity and existence could not be denied upon information and belief,

because it might have failed to pay its license tax, as the statutory acts to be performed before its franchise would be forfeited were matters of record, and the existence of a fact ascertainable from an inspection of a public record cannot be put in issue by a denial solely upon information and belief."

We are not unmindful of the fact that our conclusion upon this subject is not in accord with the case of *Bank v. Eldred,* 143 U. S., 293; 12 Sup. Ct., 450; 36 L. Ed., 162.

As to the second point, that the answer puts in issue the descriptive details of the note: The cases of *Bank of Johnson v. Fripp,* 101 S. C., 185; 85 S. E., 1070, and *Guaranty Co. v. Kibler,* 105 S. C., 513; 90 S. E., 159, are conclusive of this issue against the contention of the defendants.

As to the third point, that the answer puts in issue the reasonableness of the allowance of attorney's fees: The note provided for 10 per cent. attorney's fees. In the case of *Coley v. Coley,* 94 S. C., 387; 77 S. E., 49, this Court held that the stipulated fee would be allowed unless it appeared to the Court that it would be extortionate. Surely the defendants have no ground of complaint in the allowance of $665.00 for all four cases which involve over $16,000.00.

The judgment of this Court is that the judgment of the Circuit Court in each of the four cases be affirmed.

July 27, 1922.

### ON PETITION FOR REHEARING

*Per curiam.* The petition for rehearing questions the correctness of the opinion which has been filed upon the ground only that the answer put in issue the reasonableness of the allowance of attorney's fees, which issue, it is claimed, could only have been determined by the verdict of a jury.

As this presents a much vexed question constantly occurring, we propose to settle the law upon the subject once for all.

In this particular case, or rather cases, as there are four of them, the amounts due upon the several notes and the attorney's fees allowed were as follows:

Bank of Enoree v. John Yarborough
  *et al.* ................................................. $9,485.13  $360.00
Same v. C. D. Yarborough *et al.* ........... 1,998.30  100.00
Woodruff Oil · & Fertilizer Co. v.
  John Yarborough *et al.* .................. 4,080.39  140.00
Same v. C. D. Yarborough *et al.* ........... 648.24  64.84

                                        $16,212.06  $664.82

Upon notes aggregating $16,212.06 there were allowed attorney's fees amounting to $664.82, although the notes called in each instance for 10 per cent. attorney's fees.

It has been held in numerous decisions that in cases in equity (foreclosure of mortgages, for instance), the Court will exercise its judgment in determining the reasonableness of a provision in a note for attorney's fees, and, regardless of whether the provision is for a definite percentage or not, will allow only such fees as are reasonable compensation for the services performed. *Matheson v. Rogers,* 84 S. C., 458; 65 S. E., 1054; 19 Ann. Cas., 1066, where it is said:

"The true rule deducible from the weight of authority is that such contracts are subject to the control of a Court of equity, when the creditor invokes such jurisdiction to enforce his claim and the Court will enforce the contract where it is not clearly unreasonable and oppressive."

In *Coley v. Coley,* 94 S. C., 383; 77 S. E., 49, which was also a case of foreclosure of a mortgage, the Court said:

"A stipulation in a contract providing that the debtor shall pay a certain per cent. of the debt as attorney's fees

for collection or suit, will be enforced according to its
terms, unless it appears to the Court that the charge is un-
conscionable; * * *   but when it appears to the Court
that the per cent. stipulated for would be an extortionate
and unconscionable charge for the service rendered, the
Court should, either at the instance of the debtor or of its
own motion, reduce the charge to an amount which would
be reasonable compensation for the services rendered by the
attorney for the creditor."

The ground upon which the Court justifies its supervi-
sory power over provisions for attorney's fees is thus ex-
pressed in *Coley v. Coley,* 94 S. C., 383; 77 S. E., 49:

"But when there is an appearance of extortion on the
part of an attorney, jealousy for the fair name and useful-
ness of the profession, and duty to the public require that
the Court should scrutinize the transaction and prevent any
unconscionable advantage.   * * *   For a greater reason,
the Court will relieve against excessive charges made by,
or for the benefit of, attorneys who are officers of the
Court, sustaining a relation of trust to the public."

Whether or not this supervisory power may be said to
be derived from the equity powers of the Court, which
seems to be intimated in the case of *Matheson v. Rogers,
supra,* we think it is equally clear from the case of *Coley v.
Coley, supra,* that it may be attributable to the jurisdiction
of the Court over its officers, and in the interest of the pro-
fession, to see that an attorney "will not lower his profes-
sion by cheapness, nor promote his own interest by extor-
tion," as well as to the safeguarding of the trust relation
which an attorney bears to the public.

We think therefore that the power of supervision, in
equity cases, is easily sustained by resort to the inexhaust-
ible reservoir of that great Court, and in law cases to the
wise enforcement of a just and enlightened public policy
to maintain the highest standard of virtue in the officers

of the Court, particularly in view of their trust relation to the public; and that to whatever source the power may be attributed, it will be exercised with like efficacy in law as well as equity cases.

In the case of *Newbold v. McCrory,* 103 S. C., 299; 87 S. E., 542, 1103, the plaintiff's husband, an attorney, her assignor, had made a contract with the defendant to secure the pardon or parol of a certain person convicted of a crime; the compensation agreed upon being $1,000.00, secured by notes and mortgages. In an action to foreclose the mortgage, the defendant set up several defenses, fraud, absence of consideration, against public policy, and that the fee was exorbitant and unconscionable. All of these defenses were ruled out except the last, that the fee agreed upon was exorbitant and unconscionable. This Court, overruling the Circuit Judge upon the point, held that it was and reduced it to $500.00. It will be noticed that while the point arose in an equitable action, the foreclosure of a mortgage, the case did not involve the validity or reasonableness of the provision for 10 per cent. attorney's fee in the note and mortgage, but the validity and reasonableness of the charge for services independent of the collection of the note and mortgage. It is clear, therefore, that the same question could have been raised if no mortgage had been taken and the action had been simply one at law upon the notes. This Court held, as matter of law, exercising its supervisory power, without testimony and without submission to a jury, that the fee was exorbitant and unconscionable; and we apprehend that there can be no difference of opinion as to the justice of that conclusion.

In *Smith v. Phifer,* 104 S. C., 396; 89 S. E., 323, the action was for the foreclosure of a mortgage securing three notes of $1,250 each, calling for 10 per cent. attorney's fees. The Court exercising its supervisory power held

that 5 per cent. was reasonable and reduced the judgment accordingly.

In 8 Cyc., 322, it is said:

"The amount of such fees is a question for the Court in the exercise of its equity powers, and is not a proper one for submission to a jury."

In the case of *Yakima Bank v. Knipe* (6 Wash., 348); 33 Pac., 834, it was held, quoting from the syllabus:

"In an action on a note providing for an attorney's fee, where no evidence is introduced by defendant, and none but the note itself by plaintiff, the construction of the note is for the Court, and defendant is not injured by the fact that the Court, instead of estimating the attorney's fees and instructing the jury to include it in their verdict, adds it to the verdict himself."

In *Crutcher v. Sims,* 184 Mo. App., 488; 170 S. W., 480, the note called for a reasonable attorney's fee. The trial Judge, without evidence and without submitting the issue to the jury, fixed the amount of the fee. Upon appeal the Court held that in any case involving this question, evidence as to the amount of a fee is simply advisory to the Judge who is the ultimate arbiter of the issue; his action in the particular case being sustained.

The case of *Connor v. Blodget,* 18 Cal. App., 787; 124 Pac., 733, is in striking parallel with the case at bar. The note called for "attorney's fees which may be incurred in the collection of the note."

The complaint alleged that $500.00 was a reasonable fee. The answer denied "that $500.00 is a reasonable fee to be allowed the plaintiff as attorney's fee in the collection of said note." A motion was made by the plaintiff for judgment without trial, which motion was granted and judgment entered for principal, interest, and $300.00 attorney's fee. On appeal the Court held that the defendant's denial in the form stated amounted to an admission

that any sum less than $500.00 was reasonable, and that the Court in fixing the fee at $300.00 found an amount within the limit admitted by the defendant to be reasonable. The Court further held:

"The Court was authorized, when the nature * * * of the services rendered by the attorney were made to appear from the papers and proceedings had, or by other evidence, to fix such an amount as would be a reasonable compensation for such services without hearing any expert evidence thereon."

It is said in the case of *Spencer v. Collins,* 156 Cal., 298; 104 Pac., 320; 20 Ann. Cas., 49:

"The value of attorney's services is a matter with which a Judge must necessarily be familiar. When the Court is informed of the extent and nature of such services, its own experience furnishes it with every element necessary to fix their value."

In *Fowler v. Bell* (Tex. Civ. App.), 35 S. W., 822, it was held that, in an action tried by the Court on a note providing for a reasonable attorney's fee in case of suit, the Court may determine what is a reasonable fee, though no evidence thereof is introduced. The Court said:

"The note calls for reasonable attorney's fees, and the petition claims that 10 per cent. would be a reasonable sum. The case below was tried before Court, and it appears that no evidence was heard on the question what sum would be reasonable attorney's fees. The Court below, who had before it the parties, and all of the facts, could well determine what amount would be reasonable to allow as attorney's fees. He being a lawyer, his understanding as to what it would be reasonable to allow, when ascertained by the judgment, would be equally as effective as if the Judge, as a witness in the case, had testified that the reasonable fees were the sum he finally allowed. The testimony of other attorneys, if given, as to this item, would

not be binding and conclusive upon the Court, and it could have substituted its opinion in lieu of theirs, and have based its judgment upon it; hence the matter finally rested with the Court, and its judgment, if based upon the exercise of a reasonable discretion, ought not to be disturbed."

In *Gallwey v. Castelhun,* 35 Cal. App., 589; 170 Pac., 657, it is held that the allowance of attorney's fees is within the discretion of the Court and its decision will not be disturbed in the absence of an abuse of that discretion.

In *Futoransky v. Pope,* 57 Okl., 755; 157 Pac., 905; L. R. A. 1916F, 548, it was held that where, in a suit upon a note providing for 10 per cent. attorney's fees, the Court did not submit the question of an attorney's fee to the jury, but directed them to find the amount of principal and interest, it was not error for the Court, in rendering judgment, to add 10 per cent. to the amount of the verdict as an attorney's fee.

Nor do we think that it makes a particle of difference whether the provision for attorney's fees is for a definite percentage or is expressed in indefinite terms as for a "reasonable attorney's fee." That is the ultimate issue for the Court to determine, and, if it has the power to determine that a given percentage is reasonable or that it is not and a lower percentage is reasonable, there does not appear any valid reason why the Court cannot determine in the case of a provision for a reasonable fee, what that fee should be.

It is true that in the case of *Machine Co. v. Badham,* 81 S. C., 63; 61 S. E., 1031, the present Chief Justice declared:

"What is a reasonable * * * fee cannot be determined from an inspection of the note, but involves a question of fact which must be submitted to the jury."

But in that case the real issue of law was whether or not the provision in the note for an indefinite attorney's fee

rendered the note non-negotiable, in the commercial sense; and as to this question the Court, then composed of four Justices, was equally divided. So even if that declaration could be considered other than *obiter dictum,* it did not receive the sanction of the majority of the Court.

In the case of *Bank v. Whitehead,* 105 S. C., 100; 89 S. E., 657, the action was at law upon a note for $1,000.00 calling for 10 per cent. attorney's fee. The Circuit Judge directed a verdict for the plaintiff for the principal sum and interest, but left it to the jury to say how much the attorney's fees should be. This Court held that, if the case had been one in equity, the allowance of a proper fee was a question to be determined by the Court, but that in a law case it was a fact in issue which the Court was bound to submit to a jury. This case is not in harmony with the decided cases in this State and upon this point is overruled. To allow a defendant sued upon a note, which he acknowledges, to contest as an issue of fact his own agreement as to fees and delay the holder indefinitely, is to permit the veriest trifling with justice.

There may arise cases, of course, where the right to recover any fees at all may depend upon certain issues of fact which involve that right. In law cases, such issues should be submitted to the jury; but in all cases, law and equity, in which there is no dispute as to the facts and the only issue is as to the reasonable amount of the fee, that becomes a question of law to be determined by the Court, either with or without expert testimony and with or without the assistance of the jury as the Court may desire; controlled, of course, by appeal to this Court.

The petition is therefore dismissed.