18791

Joseph E. SINGLETON, Respondent, v. Thomas H. COLLINS and W. A. COLLINS, Sr., Appellants.

(161 S. E. (2d) 246)

*Messrs. Wright, Scott, Blackwell & Powers,* of Florence for *Appellants,*

*H. T. Abbott, Esq.,* of Conway, *for Respondent.*

May 15, 1968.

Bussey, Justice.

In this action, the plaintiff, an attorney, seeks to recover an attorney's fee for services rendered to the defendants in connection with a custody proceeding involving the defendant, Thomas H. Collins, his former wife and child, and a

criminal prosecution of the former wife and her paramour for adultery. The defendant, W. A. Collins, Sr., is the father of Thomas H. Collins and the grandfather of the child involved. Both defendants admitted that the services were rendered; that such services were satisfactory, and that successful results were obtained with respect to both the criminal prosecution and the custody of the child. The defendant, Thomas H. Collins, contests only the reasonable value of the services rendered. His father, W. A. Collins, Sr., in addition to contesting the reasonable value of such services, contends that he did not employ the plaintiff and is not responsible for the payment of any portion of the plaintiff's fee.

Although an action at law, the cause was, by consent, referred to a prominent member of the Horry Bar as special referee, under a general order of reference. A reference was held which consumed the greater part of two days, the printed transcript of record before us being 189 pages in length. The referee found that the reasonable value of plaintiff's services was the sum of $4,500, and that the defendant, W. A. Collins, Sr., did engage the services of the plaintiff as an attorney and that he with his son, Thomas H. Collins, was responsible for the plaintiff's fee for such services. The referee's findings of fact were confirmed in their entirety by the trial court, and, in addition, the trial court fixed the fee of the special referee in the amount of $250, which defendants were ordered to pay. Both defendants appeal, and the record shows that so far the plaintiff has received on account of his fee the sum of $3,000, of which $2,400 was paid after the trial below, so that at issue on this appeal is a balance in the amount of $1,500, and the fee of the special referee fixed by the lower court.

As above pointed out, this is an action at law and each of the parties was entitled to a jury trial had such not been waived and a reference consented to. An attorney has a right to be paid for professional services rendered, and where there is no express contract, the law will

imply one. Whether the services were rendered, and their value, are matters of fact to be decided by the jury, or here by the court below, and no appeal lies therefrom if the findings of fact are supported by any competent evidence. *Graydon v. Stokes*, 24 S. C. 483. The general law is in accord with our own decisions. See 7 C. J. S., Attorney and Client, § 205, p. 1128 *et seq.*

In fairness, it should be pointed out that counsel for the defendants-appellants was substituted in the course of the appeal for other counsel by whom the case and exceptions were prepared. The exception challenging the reasonableness of the fee poses no issue for decision by this court since such merely asserts that the finding of the lower court thereabout was against the weight of the evidence. One exception does raise an issue as to the liability or responsibility of the defendant, W. A. Collins, Sr., for the payment of the plaintiff's fee, it being contended that the finding of the lower court thereabout was "not supported by any part of the testimony."

If we waive, however, the absence of any exception properly raising an issue as to the reasonableness of the fee found by the lower court, we are satisfied from a review of the voluminous evidence that the findings of the lower court as to a reasonable fee and the liability of the defendant, W. A. Collins, Sr., for the payment thereof are quite adequately supported in the record. No useful purpose, we think, would here be served by reviewing the evidence in detail. Suffice it to say that the record contains evidence tending to show that plaintiff was for a number of months (the precise number being in dispute) engaged in vexatious, time consuming and protracted efforts on behalf of the defendants; that the defendant, W. A. Collins, Sr., was keenly interested in removing his granddaughter from the custody of an adulterous mother; that he actively participated throughout, conferring on numerous occasions with the plaintiff, and that in using the services of plaintiff, he gave plaintiff every reason to believe that he, W. A.

Collins, Sr., was going to foot the bill. W. A. Collins, Sr., is a man of quite ample means, while his son is a person of very limited means. The testimony of the defendant, W. A. Collins, Sr., would reflect not only his willingness, but his desire to procure and provide full and adequate representation for his son and his granddaughter for the protection of their rights and welfare, but, at the same time, a desire on his part to fix, without any question, the amount of compensation to be paid for such services after rendition.

Defendants contend that the lower court erred in failing to overrule the special referee's failure to strike the testimony of John J. Able, Jr., who was called as a witness by the plaintiff on the issue of what was a reasonable fee. There is no merit in this exception for two reasons. Counsel for defendants objected to certain portions of the testimony of Mr. Able, but then, without any reservation of such objection, proceeded to cross-examine Mr. Able. In addition, the lower court specificaly found and held that the evidence in the record, without Mr. Able's testimony, was sufficient to support the finding of fact that a fee of $4,500 was reasonable. It might not be amiss to add that both the referee and the lower court, in arriving at the amount of the fee, considered the evidence as to the time actually consumed, the services performed and the nature thereof in the light of Canon 12, Supreme Court Rule 33.

The only exception which gives us any concern is that imputing error to the lower court in fixing the fee of the special referee and ordering such to be paid by defendants. The defendants contend the fee of the referee is limited by the statute to the sum of $30, by virtue of Sec. 27-701 of the 1962 Code, which reads as follows:

"The following schedule of fees contains the amount of costs authorized to be taxed and collected in Horry County. * * *

"(41) Reference, each day engaged in holding .. 10.00

"(43)  Report on reference, making up and
        returning ........................ 10.00"

Since taxable costs are a creation of statute, we are forced to agree that there is merit in this exception.

Counsel for plaintiff argues with considerable persuasion that a consent order of reference to a special referee implies that he will be compensated for his services in such amount as deemed reasonable by the court; that it is a recognized practice at the bar, when a matter is referred to a special referee, that his fee will not be that fixed by statute, but that such will be fixed by the court in a reasonable amount. No one even suggests that the amount of the referee's fee as fixed by the lower court is in the slighest degree unreasonable. When counsel for the parties consented to the reference to a special referee, there was at least an implied obligation on the part of counsel to see that the referee was paid a reasonable fee for his services. There is no suggestion that counsel for defendants in the instant case acted without the authority of his clients or other than in their best interests, in consenting to the reference. The issue before us, however, is not the implied, legal or moral obligation of either counsel or the parties to the referee, but rather whether the lower court had the authority, in the absence of a stipulation thereabout, to fix a fee, in excess of the statute, and direct it to be paid by the defendants. We think that we are bound by the statute and that he did not have such authority.

Under the statute only $30 is taxable as costs against the defendants, as a fee for the referee. It is obvious that such amount would not constitute reasonable compensation to the referee for his services under the circumstances of this case. The liability of the parties and/or counsel involved to the special referee for additional, reasonable compensation for his services is, however, an issue not now before us.

Except as herein modified, the judgment of the lower court is

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.