532 S.E.2d 310

Wade S. WEATHERFORD, III, Respondent,

v.

William "Buck" PRICE and William Price, Inc. of whom William Price, Inc., is, Appellant.

No. 3180.

Court of Appeals of South Carolina.

Heard Jan. 12, 2000.

Decided June 5, 2000.

Paul R. Hibbard, of Johnson, Smith, Hibbard & Wildman Law Firm, of Spartanburg, for appellant.

H. Fulton Ross, Jr., of Gaffney, for respondent.

HOWARD, Judge:

This is an action by Wade Weatherford (Attorney) to collect a fee arising from representation of William Price, Inc. (Client).[1] The action was tried non-jury, and the circuit court determined a fee of $32,000 was earned by Attorney, granting judgment for that amount on the theory of quantum meruit. Client appeals. We reverse and remand.

## FACTS/PROCEDURAL HISTORY

Attorney and Client were neighbors, but had no prior professional relationship. Client invented a generator-driven "hydro cooler" to provide refrigeration for crops as they were harvested in the field. Client leased this equipment to Vickery Farms ("Vickery") for use in a Jamaican farming operation. Vickery did not make the lease payments, so Client contacted Attorney to recover the equipment and the amount owed by Vickery. Attorney brought an action in federal court to recover the equipment and amounts due under the lease. Attorney claimed he needed assistance because of the work load in federal court proceedings. For this reason, Client agreed to retain associate counsel from another firm to assist Attorney. Client paid associate counsel an hourly fee which is not involved in this dispute.

According to Attorney, the parties initially agreed to a flat fee of $10,000 for Attorney's work. Client disputed this, claiming a contingency fee arrangement of 25% of the overdue lease payments, which would approximate $10,000 only if

---

1. Attorney sought judgment against William Price as well as against William Price, Inc. However, the trial court concluded William Price was not individually liable, and that finding is not appealed. For ease of understanding, we refer to William Price and William Price, Inc. interchangeably as "Client" throughout this opinion.

Attorney successfully recovered the $40,000 in unpaid lease revenue.

■ Vickery contended the equipment was illegally imported into Jamaica, precluding exportation to the United States. Attorney believed this defense dramatically expanded the scope of the legal work. According to Attorney, he discussed this with Client on numerous occasions, and Client repeatedly assured him that he would be reasonably compensated for the extra work. Under Attorney's view, no definite compensation arrangement was discussed, and no additional fee was agreed upon between the parties. Unfortunately, there was no written fee agreement.[2]

Eventually Attorney, Attorney's wife, and Client spent a week in Jamaica. The expenses for the trip were paid by Client. At the conclusion of the trip, the leased equipment was returned to Client. Attorney estimated the value of the equipment to be $125,000. Client disputes this, claiming the equipment was severely damaged in Jamaica. Attorney prepared a bill which was introduced into evidence in the federal suit reflecting a fee for the Jamaica trip of $5,000, based upon 40 hours billed at $125 per hour.

Attorney and associated counsel tried the federal case for one week, resulting in a jury verdict of $40,000. The verdict was set aside by the trial judge. During appeal, the case was settled for $12,000.[3]

About one year later Attorney sent a letter to Client asking to be paid. He requested payment of a "reasonable fee"

---

2. The burden is upon the attorney to make sure the client understands the fee arrangement. *See Royal Crown Bottling Co. v. Chandler,* 226 S.C. 94, 83 S.E.2d 745 (1954); *see also Coley v. Coley,* 94 S.C. 383, 77 S.E. 49 (1913); Rule 1.5(b), Rules of Professional Conduct, Rule 407, SCACR ("When the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation.").

3. The amount of the settlement is not clear from this record. In the brief, Client stated that the amount of the settlement was $12,000, which would provide a 25% contingency fee of $3,000. However, Client argued in the brief that Attorney should be limited to a contingency fee of $1,000. Ascertaining the correct amount is not necessary in view of our resolution of the issues.

which he calculated on the basis of ⅙ of his valuation of the recovered equipment. When Client refused to pay, Attorney brought this action for breach of contract.

At trial, Attorney sought compensation on the basis of contract and, by amendment at the conclusion of the testimony, on the theory of quantum meruit. Attorney testified he did not maintain time records for his work because he had never worked on an hourly basis, and did not do so in this case. The only testimony as to the amount of time expended on the case, other than the description of the work and the length of the federal trial, was Attorney's estimate of 500 hours. He explained that if he had kept track of his time, the fee would far surpass ⅙ of the value of the equipment ($41,-666).

The trial court held there was no express contract between the parties. The court awarded a fee in the amount of $32,000 based on the theory of quantum meruit.

## ISSUES PRESENTED

**DOES THIS COURT HAVE SUBJECT MATTER JURISDICTION?**

**DID THE TRIAL COURT ABUSE ITS DISCRETION BY FAILING TO DIRECT A VERDICT?**

**DID THE TRIAL COURT COMMIT AN ERROR OF LAW BY FAILING TO CONSIDER THE NATURE OF THE RELATIONSHIP BETWEEN THE PARTIES?**

## LAW/ANALYSIS

### I. SUBJECT MATTER JURISDICTION

■ We first address the question of subject matter jurisdiction. Attorney argues Client failed to appeal the final order because the Notice of Appeal referred to the order denying the motion for reconsideration.

This Court has previously held that a mere clerical error in a Notice of Appeal does not warrant dismissal of the appeal. *See Charleston Lumber Co. v. Miller Housing Corp.*, 318 S.C. 471, 458 S.E.2d 431 (Ct.App.1995). In *Charleston Lumber Co.*, the court rejected the respondent's attempt to have the

appeal dismissed on jurisdictional grounds when the appellant neglected to appeal one of a series of cases tried together. As in that case, Attorney demonstrates no prejudice as a result of the omission. Though Client did not "technically" appeal from the trial court's original order by referring to it in the Notice of Appeal, the Client did attach a copy of the order to the Notice. Under these circumstances, we believe Client's omission is of a clerical nature only and this Court has jurisdiction to hear the appeal.

## II. SCOPE OF REVIEW

An ordinary suit to recover attorney's fees, even one based on an implied contract asserting a *quantum meruit* measure of recovery, is an action at law. *Lester v. Dawson,* 327 S.C. 263, 268, 491 S.E.2d 240, 242 (1997) ("An action by an attorney for compensation, whether on a written contingency agreement *or on a quasi-contractual obligation to pay the reasonable value of services* prior to its breach, sounds in contract. The proper form of action by which to enforce payment, generally, is by an action at law on the contract. . . .") (emphasis added) (citation omitted); *see also Singleton v. Collins,* 251 S.C. 208, 161 S.E.2d 246 (1968) (wherein action to recover attorney's fees on theory of implied contract was at law). This appeal, therefore, is governed by the "any evidence" standard of review. *See American Fed. Bank, FSB v. Number One Main Joint Venture,* 321 S.C. 169, 173, 467 S.E.2d 439, 441 (1996) (in an appeal of a non-jury action at law, the trial court's factual findings will not be disturbed "unless found to be without evidence which reasonably supports the judge's findings") (citation omitted); *Singleton,* 251 S.C. at 211, 161 S.E.2d at 247 (in attorney's claim against client for professional services rendered, "no appeal lies therefrom if the findings of fact are supported by any competent evidence").

## III. DISCUSSION

### DID THE TRIAL COURT ABUSE ITS DISCRETION BY FAILING TO DIRECT A VERDICT?

Client asserts the trial court should have directed a verdict. We first note the trial court found that there was *no*

express contract between the parties. There is no appeal from this finding, and it is, therefore, the law of this case. *See Brading v. County of Georgetown,* 327 S.C. 107, 490 S.E.2d 4 (1997). Having found no express contract, the court concluded attorney was entitled to recover the reasonable value of the services rendered, a proposition which finds ample support in our case law. *See Singleton v. Collins,* 251 S.C. 208, 161 S.E.2d 246 (1968).

In ruling on motions for directed verdict, "the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions." *Creech v. S.C. Wildlife and Marine Resources Dep't,* 328 S.C. 24, 29, 491 S.E.2d 571, 573 (1997). The trial court must deny the motions when "the evidence yields more than one inference or its inference is in doubt." *Id.* This Court will reverse the trial court only when there is no evidence to support the ruling below. *Id.*

We conclude Client would only have been entitled to a directed verdict if the evidence, and all of the inferences which could be drawn from it, point to the singular position advanced by the Client; that is, that the parties entered into a 25% contingency fee based solely on the successful recovery of lost revenues. However, the unappealed ruling that there was no contract is the law of this case. Therefore, this argument is without merit.

## DID THE TRIAL COURT COMMIT AN ERROR OF LAW BY FAILING TO CONSIDER THE NATURE OF THE RELATIONSHIP BETWEEN THE PARTIES?

Client next argues the trial judge declined to consider the ethical and public policy considerations implicated by the attorney-client relationship. Client urges this court to hold that Rule 1.5, Rules of Professional Conduct (RPC), Rule 407, SCACR, proclaims the public policy of this State with regard to attorney fees in an attorney-client relationship, and a failure to consider the criteria set forth in RPC Rule 1.5 in determining a reasonable fee constituted an error of law.[4]

---

4. Rule 1.5, RPC, reads in applicable part as follows:

In determining the fee, the trial court specifically enumerated the six factors set forth in *Blumberg v. Nealco, Inc.*, 310 S.C. 492, 427 S.E.2d 659 (1993). In that case, our supreme court ruled that a trial court should consider the following factors when determining an award of attorney fees:

> 1) nature, extent, and difficulty of the legal services rendered; 2) time and labor devoted to the case; 3) professional standing of counsel; 4) contingency of compensation; 5) fee customarily charged in the locality for similar services; and 6) beneficial results obtained.

*Id.* at 494, 427 S.E.2d at 660. Attorney maintains that once the court determined there was no express contract, the court correctly based its determination of the fee on the factors set out in *Blumberg.*

The question of what factors should be considered when determining a reasonable attorney fee in an attorney/client relationship has not been definitively addressed in South Carolina. The interrelationship between the ethical rules governing the conduct of attorneys and the substantive law is a subject which has historically created difficulty for courts. Client argues that this court should enforce the Rules of Professional Conduct as the public policy of this State, ruling that a fee agreement which violates the Rules is unenforceable. There are states which have reached this conclusion. *See, e.g., Swafford v. Harris*, 967 S.W.2d 319 (Tenn.1998); *Alexander v. Inman*, 903 S.W.2d 686 (Tenn.Ct.App.1995).

---

(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

    (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

    (2) The likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

    (3) The fee customarily charged in the locality for similar legal services;

    (4) The amount involved and the results obtained;

    (5) The time limitations imposed by the client or by the circumstances;

    (6) The nature and length of the professional relationship with the client;

    (7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and

    (8) Whether the fee is fixed or contingent.

Rule 1.5(a), RPC, Rule 407, SCACR.

However, in the recent case of *Smith v. Haynsworth, Marion, McKay & Geurard,* 322 S.C. 433, 472 S.E.2d 612 (1996), our supreme court chose not to adopt our Rules of Professional Conduct as substantive law in the setting of an action for legal malpractice. The court determined the RPC may be relevant and admissible evidence in assessing the legal duty of an attorney in a malpractice action, provided the specific rule was intended to protect a person in the plaintiff's position or is addressed to the particular harm. However, the Court did not say that a violation of the Rules is negligence per se, or evidence of recklessness. We, therefore, conclude that our supreme court has not ruled that a fee agreement which violates Rule 1.5, RPC, is unenforceable in all circumstances as against public policy.

This does not mean, however, that the Rules of Professional Conduct have no bearing on the issue. The *Blumberg* factors were established by our supreme court to determine the fee to be awarded against an adverse party when authorized by contract or by statute. *Blumberg,* at 493, 427 S.E.2d at 660 (citing *Collins v. Collins,* 239 S.C. 170, 122 S.E.2d 1 (1961) (involved an award of attorney fees to the wife against the husband in a divorce case)). Not all *Blumberg* factors are relevant in determining a reasonable fee to be paid by a client. As our supreme court stated in *Glasscock v. Glasscock,* 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991), the factor "contingency of compensation" does not refer to the nature of the fee agreement. Rather, "the contingency to be considered is whether the party on whose behalf the services were rendered will be able to pay the attorney's fee if an award is not made." *Id.* This consideration obviously contemplates an award against another party, and is not pertinent to the assessment of a reasonable fee in an attorney-client setting.

More importantly, there are factors which we conclude must be considered in assessing a reasonable fee in an attorney/client setting which are not included in a *Blumberg* analysis. Specifically, as Client asserts, the *Blumberg* factors do not take into account the special nature of the attorney-client relationship. We conclude all of the circumstances surrounding the attorney-client relationship must be considered when determining a reasonable fee to be paid by a client. *See Royal Crown Bottling Co. v. Chandler,* 226 S.C. 94, 83 S.E.2d

745 (1954). The failure to consider these circumstances is error.

■ An attorney/client relationship is by nature a fiduciary one. *Royal Crown Bottling Co.*, at 105–106, 83 S.E.2d at 751; *Hotz v. Minyard,* 304 S.C. 225, 403 S.E.2d 634 (1991); *In re Green,* 291 S.C. 523, 354 S.E.2d 557 (1987). The relationship of an attorney with his or her client is "highly fiduciary in its nature and of a very delicate, exacting and confidential character, requiring a high degree of fidelity and good faith." 7 AmJur 2d Attorneys at Law § 137 (1997). Historically, fee arrangements between an attorney and client are "examined with utmost care by the courts in order to avoid any improper advantage to the attorney." *Royal Crown Bottling Co.,* 226 S.C. at 105, 83 S.E.2d at 750; *Alexander v. Inman,* 903 S.W.2d 686 (Tenn.Ct.App.1995). As the Florida Supreme Court stated:

> Lawyers are officers of the court. The court is an instrument of society for the administration of justice. Justice should be administered economically, efficiently, and expeditiously. The attorney's fee is, therefore, a very important factor in the administration of justice, and if it is not determined with proper relation to that fact it results in a species of social malpractice that undermines the confidence of the public in the bench and bar. It does more than that; it brings the court into disrepute and destroys its power to perform adequately the function of its creation.

*Baruch v. Giblin,* 122 Fla. 59, 164 So. 831, 833 (1935).

Rule 1.5, RPC, provides guidance to the bar in determining a reasonable fee, and provides a starting point in this analysis. *See Singleton v. Collins,* 251 S.C. 208, 161 S.E.2d 246 (1968) (noting with approval that the lower court, in arriving at the amount of the fee, considered the evidence as to the time actually consumed, the services performed and the nature thereof in the light of Canon 12, Supreme Court Rule 33); *Glasscock,* 304 S.C. at 160, 403 S.E.2d at 315 (holding a contingent fee in a domestic case based on the amount of alimony, support or property settlement awarded was unenforceable because it violated Rule 407(1.5)(d)(1), SCACR); *Cf. Smith v. Haynsworth, Marion, McKay & Geurard,* 322 S.C. 433, 472 S.E.2d 612 (1996) (holding the RPC may be relevant

and admissible in a legal malpractice action in assessing the legal duty of an attorney, provided the Bar Rule involved was intended to protect a person in the plaintiff's position or be addressed to the particular harm).  The criteria listed in Rule 1.5 are in accord with the factors overwhelmingly accepted as appropriate considerations in the vast majority of states.  *See* 7A C.J.S. Attorney and Client, § 325 (1980).

▮    Significantly, Rule 1.5(a)(6) lists "the nature and length of the professional relationship with the client" as a factor to be considered.  Rule 1.5(a)(6), Rule 407, SCACR.  In an analysis similar to that involved in this case, the Florida Supreme Court observed: "Unlike an award of attorney's fees to a prevailing party, a quantum meruit award must take into account the actual value of the services to the client." *Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz,* 652 So.2d 366, 369 (Fla.1995).  *Cf. Stringer Oil Co., Inc. v. Bobo,* 320 S.C. 369, 465 S.E.2d 366 (Ct.App.1995); *Galanis v. Lyons & Truitt,* 715 N.E.2d 858 (Ind.1999).  "Thus, while the time reasonably devoted to the representation and a reasonable hourly rate are factors to be considered in determining a proper quantum meruit award, the court must consider all relevant factors surrounding the professional relationship to ensure that the award is fair to both the attorney and client." *Searcy,* at 369.

For the foregoing reasons, we conclude that the award of a fee based solely upon the *Blumberg* factors, without regard to the circumstances surrounding the professional relationship, was error requiring reversal.

▮    Client raises one further argument which we address because it may arise again upon remand.  Attorney requested a fee based on his success in securing the return of the equipment.  Attorney claims that calculating the reasonable fee on the basis of ⅓ of the value of the returned equipment provides a proper method for weighing the amount in controversy and the results obtained, and is not a contingency fee because it does not depend upon the outcome.  Client asserts that is improper because it is a contingent fee.[5]

---

**5.**  Courts are divided on this point.  In *Glasscock v. Glasscock,* 304 S.C. 158, 403 S.E.2d 313 (1991) our supreme court rejected the argument

It is unnecessary to resolve this issue. Attorney undertook representation to recover the equipment. He obtained that result. There is no basis for enhancing the fee merely because the outcome was successful. *See* 7A C.J.S. Attorney & Client, § 324 (1980) ("The measure of compensation is the reasonable value of the services rendered in themselves, and not the benefits to the client... although... the benefits or results secured may be considered as bearing on the efficiency of the services and thus on their reasonable value."). Consequently, a fee based upon the formula proposed by Attorney is improper under these facts.[6]

**REVERSED AND REMANDED.**

HEARN, C.J., and STILWELL, J., concur.

made by Attorney, although the ruling is based on the specific wording of Rule 1.5, which precludes a fee contingent upon *amount* or outcome in a domestic case. *See also Matter of Estate of Jones*, 329 S.C. 97, 103, 495 S.E.2d 450, 453 (1998) ("A contingent fee is one which is made to depend upon the success or failure in the effort to enforce a supposed right, whether doubtful or not.") (citation omitted); *cf. Eckell v. Wilson*, 409 Pa.Super. 132, 597 A.2d 696, 700–701 (1991) *appeal denied*, 530 Pa. 643, 607 A.2d 253 (1992) ("In this situation, the fee is not truly contingent on the outcome of the case because the attorneys are paid regardless of the outcome of the litigation. In essence, they are exacting a fee based on their performance during the course of the litigation. A contingency fee arrangement carries a risk that an attorney will not be paid if the outcome of the litigation is unsuccessful. No such risk is found here."); *Muldoon v. West End Chevrolet, Inc.*, 338 Mass. 91, 153 N.E.2d 887 (1958); *In re Marriage of Malec*, 205 Ill. App.3d 273, 150 Ill.Dec. 207, 562 N.E.2d 1010 (1990) *appeal denied*, 136 Ill.2d 545, 153 Ill.Dec. 375, 567 N.E.2d 333 (1991); *Head v. Head*, 66 Md.App. 655, 505 A.2d 868 (1986); *but cf. Salerno v. Salerno*, 241 N.J.Super. 536, 575 A.2d 532 (1990).

**6.** Our ruling is based on the facts of this case, and is not intended to encompass situations in which courts have historically employed a multiplier, often referred to as the "Lodestar" approach. Typically, these situations involve an attorney working on a contingency fee arrangement who is terminated without fault prior to recovery, or in a setting in which fees are assessed against the adversary. *See generally Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz*, 652 So.2d 366, 369 (Fla.1995); *Alexander S. ex rel. Bowers v. Boyd*, 929 F.Supp. 925 (D.S.C.1995).