THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Wheeler M. Tillman, Appellant,
v.
Joe L. Grant, Respondent.
 
 
 

Appeal From Jasper County
 J. Cordell Maddox, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-340
Submitted September 1, 2006  Filed October 5, 2006

AFFIRMED

 
 
 
Wheeler M. Tillman, of North Charleston, Pro Se.
Michael A. Jones, of Durham, for Respondent.
 
 
 

PER CURIAM: Wheeler Tillman brought suit against his former client, Joe Grant, to recover attorneys fees under a fee agreement.  The agreement provided if Grant fired Tillman before settlement or a verdict, Tillman would receive a contingency percentage of the settlement or an hourly fee, whichever was more.  The trial court found the amount due under the hourly rate was unreasonable and awarded Tillman attorneys fees equal to the contingency percentage.  Tillman appeals arguing he is entitled to the hourly rate.  We affirm.
FACTS
On February 3, 1998, Grant, his sister, and his brother-in-law were involved in a motor vehicle collision with a tractor-trailer.  Grant[1] hired Tillman to represent him in a personal injury action he brought against the trucking company.[2]  On April 1, 1999, Grant and Tillman signed an attorney/client contract.  The relevant portion of the contract provided:

In the event that I fire my Attorney before settlement or verdict, then I agree to pay my Attorney at the rate of $175.00 per chargeable hour for the work which he has performed in my case, or an amount equal to the contingent percentage set forth in this Contract multiplied by the highest offer made, whichever amount is greater.

The contingency percentage was set at forty percent.  
On March 26, 2003, near the end of the first day of trial in the personal injury action, Grant agreed in court to settle the case for $90,000.  The trial court declared that the terms of the settlement were placed on the record and the parties acknowledged their consent to settle.  The trucking company issued a settlement check and prepared a general release, which it delivered to Tillman.[3]  
On numerous occasions, Tillman attempted to contact Grant to have him sign the release.  However, Grant did not respond to any of his phone calls or letters.  Eventually, the trucking company made a motion to compel settlement.  On June 6, 2003, the trial court granted the motion.  Tillman still attempted to contact Grant to no avail.  Approximately one month after the trial court granted the motion to compel settlement, Grant called Tillman and agreed to meet the following day.  At the meeting, Grant requested copies of deposition transcripts and refused to sign the release.    
On July 8, 2003, the trial court issued a rule to show cause against Grant for his failure to sign the release.  At the rule to show cause hearing on July 21, 2003, Grant again refused to sign the release and fired Tillman.  The trial court allowed Grant a continuance in order for Grant to obtain new counsel.  
On November 18, 2003, Tillman filed suit against Grant for breach of contract.  Tillman alleged he spent 353.8 hours on Grants case and Grant owed him $61,915 in attorneys fees under the hourly rate and $8,320.12 in costs.  Additionally, Tillman requested reasonable attorneys fees and costs in bringing the collection action.  After Grant failed to serve an answer, Tillman filed an application for default judgment against Grant.  The trial court found Grant in default.  Further, the trial court found the amount Tillman would be entitled to under the hourly rate was excessive, unreasonable, and unconscionable.  In determining the amount was unreasonable, the trial court applied the following factors: (1) nature, extent, and difficulty of the case; (2) time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency and compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services.  The court awarded Tillman the amount he would have received under the contingency agreement, $36,000.  The court also awarded Tillman the costs he incurred in the personal injury matter as well as the attorneys fees and costs in bringing the collection action.  This appeal followed. 
STANDARD OF REVIEW
A suit to recover attorneys fees is an action at law.  Weatherford v. Price, 340 S.C. 572, 578, 532 S.E.2d 310, 313 (Ct. App. 2000).  

An action by an attorney for compensation, whether on a written contingency agreement or on a quasi-contractual obligation to pay the reasonable value of services prior to its breach, sounds in contract.  The proper form of action by which to enforce payment, generally, is by an action at law on the contract . . . .

Lester v. Dawson, 327 S.C. 263, 268, 491 S.E.2d 240, 242 (1997).  On appeal of an action at law tried without a jury, the factual findings of the trial court will not be disturbed unless found to be without any evidence which reasonably supports the trial courts findings. 
Townes Assocs., Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).  Additionally, the appellate court can correct errors of law.  Okatie River, L.L.C. v. S.E. Site Prep,
L.L.C., 353 S.C. 327, 334, 577 S.E.2d 468, 472 (Ct. App. 2003).
LAW/ANALYSIS
Tillman claims the trial court abused its discretion in failing to determine the amount of attorneys fees according to the hourly rate and in failing to make specific findings of fact.  We disagree.
The relationship between an attorney and client is by nature a fiduciary one.  Hotz v. Minyard, 304 S.C. 225, 230, 403 S.E.2d 634, 637 (1991); see also 
Weatherford v. Price, 340 S.C. 572, 582, 532 S.E.2d 310, 315 (Ct. App. 2000) (The relationship of an attorney with his or her client is highly fiduciary in its nature and of a very delicate, exacting and confidential character, requiring a high degree of fidelity and good faith.).  The courts examine agreements between attorneys and clients with the utmost care to avoid any improper advantage to the attorney. 
Royal Crown Bottling Co. v. Chandler, 226 S.C. 94, 105, 83 S.E.2d 745, 750 (1954).  In the interest of the profession, the court has the jurisdiction to see that an attorney will not lower his profession by cheapness, nor promote his own interest by extortion, as well as to the safeguarding of the trust relation which an attorney bears to the public. 
Bank of Enoree v. Yarborough, 120 S.C. 385, 393, 113 S.E. 313, 315 (1922).  Therefore, the court will not allow attorneys to impose excessive charges on their clients because attorneys owe the public a duty of trust. 
Coley v. Coley, 94 S.C. 383, 386, 77 S.E. 49, 50 (1913).  The factors a trial court should consider in determining reasonable attorneys fees are:

 (1) nature, extent, and difficulty of the legal services rendered; (2) time and labor devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) fee customarily charged in the locality for similar services; and (6) beneficial results obtained.

Blumberg v. Nealco Inc., 310 S.C. 492, 494, 427 S.E.2d 659, 660 (1993).
We have reviewed the record, including Tillmans time sheets from the personal injury action, and in light of the Blumberg factors listed above, we find the trial court did not abuse its discretion in awarding the contingency fee.  In comparing the contingency fee to the hourly fees, we find the hourly fees were excessive because they nearly doubled the amount due under the contingency agreement.  Further, the hourly fees would have nearly exhausted Grants settlement of $90,000.  In our view, the contingency fee provided Tillman with just compensation for his services.  Accordingly, the trial courts award of the contingency fee instead of the hourly rate was not an abuse of discretion. [4]
Tillman claims the trial court abused its discretion by not awarding him attorneys fees for his services rendered to Grant after he agreed to settle in court until he fired Tillman.  We disagree.
The contingency fee encompasses all fees owed to Tillman in the underlying personal injury suit.  Therefore, it would have been improper for the trial court to award Tillman additional fees in the same action when it determined that awarding Tillman more than the contingency clause would be unreasonable.  However, it was proper for the trial court to award Tillman costs for his time spent attempting to collect his fees.  The current collection action is distinctly different from the personal injury action.  Because Grants behavior caused Tillman to spend time collecting a fee that was rightfully his, the court was justified in awarding Tillman reasonable damages.
CONCLUSION
The trial court did not abuse its discretion in awarding Tillman the contingency fee instead of a fee based on an hourly rate.  It is incumbent on the trial court to examine attorneys fees to ensure they are not unreasonable.  The trial court found that the fee would be unreasonable and excessive, if it was determined by the hourly rate.  Evidence in the record supports such a finding.  Therefore, the order of the trial court is
AFFIRMED.[5] 
GOOLSBY, BEATTY, and WILLIAMS, JJ., concur.

[1] Grants sister and brother-in-law brought suit with Tillman as their attorney as well.  They behaved in the same manner as Grant: agreeing to settle, not responding to Tillmans attempts at contact, and firing the attorneys just before settling.  This suit involves only the attorneys fees for Grants case.
[2] Before Grant hired Tillman, he hired other attorneys to represent him in the personal injury action.  He fired the first attorney, and the second one withdrew.  Grant then hired Michael Rose, who associated Tillman to be lead counsel in the case.  Rose and Tillman also associated Tom Johnson for the case.  Rose and Johnson are not involved in Tillmans lawsuit.
[3] Some confusion exists regarding the settlement draft or check.  Grant claims he never saw the settlement draft while Tillman claims he asked Grant to sign it, but it eventually expired and had to be returned to the trucking company.  
[4] Further, we note Tillman originally sought only the contingency fee.  It was not until Grant refused to release Tillmans payment from the settlement that Tillman sought the hourly fees.  It is apparent from the record that Tillman grew frustrated with Grant, and this suit arose out of that frustration.
[5] We decide this case without oral argument pursuant to Rule 215, SCACR.