THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT
 SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS
 PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 William K.
 Middleton, Appellant,
 
 
 

v.

 
 
 
 Julie A. Middleton, Respondent.
 
 
 

Appeal From Anderson County
 Timothy M. Cain, Family Court Judge
Unpublished Opinion No. 2008-UP-009
Submitted December 1, 2007  Filed January
 4, 2008
AFFIRMED

 
 
 
 W. Patrick Yon, of Anderson, for Appellant.
 Hugh W. Welborn, of Anderson, for
 Respondent.
 
 
 

PER CURIAM: 
 William Middleton appeals from the family courts order denying his request to
 reduce his child support and alimony obligations, finding him in willful
 contempt for failing to make court-ordered child support and alimony payments,
 and requiring him to pay Julie Middletons attorneys fees.  We affirm pursuant
 to Rule 220(b)(2), SCACR, and the following authorities: Hopkins v. Hopkins, 343 S.C. 301, 305, 540 S.E.2d 454, 456 (2000) (noting the
 question of child support is largely within the discretion of the trial judge
 whose decision will not be disturbed on appeal unless an abuse of discretion is
 shown); Calvert v. Calvert, 287 S.C. 130, 138, 336 S.E.2d 884, 888-89
 (Ct. App. 1985) (The mere fact that a supporting spouses salary or income has
 been reduced does not of itself require a reduction of either alimony or child
 support.); S.C. Code Ann. § 20-7-1350 (Supp. 2006) (An adult who willfully
 violates, neglects, or refuses to obey or perform a lawful order of the court .
 . . may be proceeded against for contempt of court.); Brandt v. Gooding, 368 S.C. 618, 627, 630
 S.E.2d 259, 263 (2006) (stating that a decision regarding contempt should be
 reversed on appeal only if no evidence supports it or the trial court has
 abused its discretion); Browning v.
 Browning, 366 S.C. 255, 263, 621
 S.E.2d 389, 393 (Ct. App. 2005) (An abuse of discretion occurs either when the court is controlled by some error of law or where the order, based
 upon findings of fact, lacks evidentiary support.); Donahue v. Donahue,
 299 S.C. 353, 365, 384 S.E.2d 741, 748 (1989) (An award of attorneys fees and
 costs is a discretionary matter not to be overturned absent abuse by the trial
 court.); Singleton v. Collins, 251 S.C. 208, 210-11, 161 S.E.2d
 246, 247 (1968) (An attorney has a right to be paid for professional services
 rendered, and where there is no express contract, the law will imply
 one. . . . Whether the services were rendered, and their value, are matters
 of fact to be decided . . . by the court below, and no appeal lies therefrom if
 the findings of fact are supported by any competent evidence.).
For
 the foregoing reasons, the family courts order is
AFFIRMED.[1]
HEARN, C.J., and KITTREDGE and THOMAS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.