THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Loretta C. Novak, Appellant,
 v.
 Joye, Locklair & Powers, P.C., Richard Scott Joye, John Wesely Locklair, III, and Delton W. Powers, Jr., Respondents.
 
 
 
 

Appeal From Georgetown County
 J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2010-UP-225
 Submitted March 1, 2010  Filed April 1,
2010    

AFFIRMED AS MODIFIED

 
 
 
 Bonnie Travaglio Hunt, of North Charleston, for Appellant.  
 Lovic A. Brooks, III, of Columbia, for Respondents.
 
 
 

CURETON, A.J.:  Loretta C. Novak filed suit against
 the respondents, alleging wrongful termination in violation of a clear mandate
 of public policy and civil conspiracy.  The circuit court dismissed her
 complaint for failure to state facts sufficient to constitute a cause of
 action.[1]
 Specifically, the circuit court found the respondents neither violated the
 criminal law by firing Novak nor required Novak to violate the law as part of
 her employment.  
Novak appeals
 the circuit court's dismissal of her complaint for wrongful termination in
 violation of public policy, arguing the trial court erred in finding she failed
 to state facts sufficient to constitute a cause of action.  We disagree.  We modify
 the circuit court's order as described below and affirm[2] the dismissal.  
Initially,
 we recognize Novak argues the novel issue in her complaint rendered it
 ineligible for dismissal pursuant to Rule 12(b)(6).  We decline to address this
 argument because it is not preserved for our review.  See Wilder
 Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is
 axiomatic that an issue cannot be raised for the first time on appeal, but must
 have been raised to and ruled upon by the [circuit court] to be preserved for
 appellate review.").  
With
 regard to the merits of the dismissal, a defendant may offer the defense that
 the plaintiff has "fail[ed] to state facts sufficient to constitute a
 cause of action" by motion instead of in a responsive pleading.  Rule
 12(b), SCRCP.  However, the defendant must make this motion before pleading.  Id. 
 In deciding whether the circuit court properly granted a motion to dismiss
 pursuant to Rule 12(b)(6), SCRCP, the appellate court must consider whether the
 complaint, viewed in the light most favorable to the plaintiff, states any
 valid claim for relief.  Gentry v. Yonce, 337 S.C. 1, 5, 522 S.E.2d 137,
 139 (1999).  If the facts and inferences raised by the complaint would entitle
 the plaintiff to relief on any theory, then a dismissal for failure to state a
 claim is improper.  Id.  
South
 Carolina has recognized the doctrine of at-will employment since 1936.  See Shealy v. Fowler, 182 S.C. 81, 87, 188 S.E. 499, 502 (1936).  Generally,
 under this doctrine an employer may discharge an employee for good reason, no
 reason, or bad reason without incurring liability.  Ludwick v. This Minute
 of Carolina, Inc., 287 S.C. 219, 221, 337 S.E.2d 213, 214 (1985) (citing
 H.G. Wood, Master and Servant (1877)).  However, an employer may
 nonetheless become liable in tort to the discharged employee under the public
 policy exception, which protects the employee when "the retaliatory
 discharge of an at-will employee constitutes violation of a clear mandate of
 public policy."  287 S.C. 225, 337 S.E.2d at 216.  
Our
 supreme court has held the criminal law clearly expresses public policy, and
 consequently, discharges violating the criminal law or based upon the
 employee's refusal to violate the criminal law fall within the public policy
 exception.  Garner v. Morrison Knudsen Corp., 318 S.C. 223, 226, 456
 S.E.2d 907, 909 (1995).  The Garner court expressly declined to hold
 that the criminal law was the sole expression of public policy, leaving the
 boundaries of the public policy exception somewhat flexible.  Id.  However,
 South Carolina courts have declined to enforce the Rules of Professional
 Conduct as the public policy of the state.  Weatherford v. Price, 340
 S.C. 572, 580-81, 532 S.E.2d 310, 314-15 (Ct. App. 2000).  
Novak
 successfully alleged facts supporting retaliatory termination but failed to
 identify a clearly stated public policy.  A party claiming wrongful termination
 in violation of public policy must assert 1) she was discharged from at-will
 employment, 2) the discharge was retaliatory, and 3) the discharge violated a
 "clear mandate of public policy."  Ludwick, 287 S.C. at 225,
 337 S.E.2d at 216.  Novak's allegations support only two of these elements.  In
 her complaint, Novak presented facts establishing the respondents terminated
 her at-will employment.  She also alleged facts supporting her argument the
 discharge was in retaliation for her performance.  However, her reliance on the
 rule "that attorneys take direct responsibility for matters of
 professional responsibility and ethics in regard to the handling of legal
 matters for clients" as public policy is misplaced.  This requirement
 exists in the South Carolina Rules of Professional Conduct, which appear in
 Rule 407, SCACR, but have not been codified by the Legislature.  Because the
 Rules of Professional Conduct are not enforceable as public policy, Novak
 failed to allege facts sufficient to meet the third element of wrongful
 termination in violation of public policy.  See Weatherford, 340
 S.C. at 580-81, 532 S.E.2d at 314-15.  Consequently, the circuit court did not
 err in dismissing her complaint under Rule 12(b)(6).  
In
 restricting its analysis of the public policy element to whether Novak's
 termination violated criminal law or whether the respondents asked Novak to
 violate the criminal law, the circuit court relied on Lawson v. S.C. Dep't
 of Corr., 340 S.C. 346, 350, 532 S.E.2d 259, 260-61 (2000).  We find no
 indication our supreme court intended its opinion in Lawson to overrule
 or limit its opinion in Garner.  Accordingly, we modify the circuit
 court's decision to omit the statement that Lawson limited the public
 policy exception to terminations involving violations of the criminal law. 
 Even without this limitation, in light of Weatherford, we find the
 circuit court properly dismissed Novak's complaint because it failed to
 enunciate any clear mandate of public policy violated by her termination. 
 Therefore, the decision of the circuit court is 
AFFIRMED
 AS MODIFIED.  
GEATHERS,
 J., concurs.
PIEPER,
 J., concurring in result only:  I concur in result because I would find
 Novak failed to preserve any of her issues for appellate review.  

[1] Neither Novak nor her counsel appeared at the hearing
 on the respondents' motion to dismiss.  Although the circuit court's final
 order recognized this failure to appear, the dismissal was based solely upon
 Novak's failure to state a claim.  
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.