THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Leila Miriam
 Carroll, Appellant,
v.
Anderson
 Brothers Bank, Respondent.
 
 
 

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No.  2011-UP-437 
Submitted October 1, 2011  Filed October
 11, 2011 

AFFIRMED

 
 
 
Leila Miriam Carroll, pro se, of Waxhaw,
 North Carolina.
Jon Rene Josey, of Florence, for
 Respondent.
 
 
 

PER CURIAM: Leila
 Miriam Carroll appeals the trial court's order dismissing her breach of
 contract and breach of fiduciary duty claims against Anderson Brothers Bank
 (the Bank) based on lack of standing.  She argues the trial court erred in (1)
 considering the Bank's argument concerning standing because it was not pled in
 the Bank's answer and (2) finding she lacked standing.[1]  We affirm[2] pursuant
 to Rule 220(b)(1), SCACR, and the following authorities:
1.  As to whether the trial court
 erred in considering the Bank's argument concerning standing because it was not
 pled in the Bank's answer:  Grant v.
 S.C. Coastal Council, 319 S.C. 348, 356, 461 S.E.2d 388, 392 (1995)
 (finding a due process claim must be raised to and ruled upon by the trial
 court in order to be preserved for appellate review); Higgins v. Med. Univ.
 of S.C.,  326 S.C. 592, 601, 486 S.E.2d 269, 274 (Ct. App. 1997)
 (finding an issue is not preserved for review when the appellants failed to
 object at the hearing and did not bring the issue to the trial court's
 attention). 
2.  As to whether the trial court
 erred in finding Carroll lacked standing:  Chastain v. Hiltabidle,
   381 S.C. 508, 514-15, 673 S.E.2d 826, 829 (Ct. App. 2009) ("It is well settled that, but for a very few exceptional
 circumstances, an appellate court cannot address an issue unless it was raised to and ruled upon by the trial court."); Hickman
 v. Hickman,  301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App.
 1990) ("A party cannot use Rule
 59(e) to present to the court an issue the party could
 have raised prior to judgment but did not.").  
AFFIRMED.
SHORT, WILLIAMS, and GEATHERS, JJ.,
 concur.

[1] We find the Bank's argument that the notice of appeal
 was untimely and insufficient is without merit.  Although Carroll did not
 mention the October 2009 order in her notice of appeal, she did attach both the
 original order and the order denying her Rule 59(e), SCRCP, motion to her
 notice of appeal. See Weatherford v. Price, 340 S.C. 572, 577-78,
 532 S.E.2d 310, 313 (Ct. App. 2000) (finding the clerical error of not
 referring to the trial court's original order in the notice of appeal did not
 merit a dismissal of the appeal because the order was attached to the notice of
 appeal).
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.