**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rosen Hagood, LLC, Respondent/Appellant,

v.

Albert T. Henson, Jr., Appellant/Respondent.

Appellate Case No. 2022-001070

———————

Appeal from Dorchester County
Edgar W. Dickson, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-168
Submitted March 3, 2025 – Filed May 21, 2025

———————

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART**

———————

Desa Ballard, of Ballard & Watson, of Columbia, for Appellant/Respondent.

Oana Dobrescu Johnson, of Rosen Hagood, LLC, of Charleston, for Respondent/Appellant.

———————

**PER CURIAM:** In this cross-appeal, Albert Henson, Jr. appeals the circuit court's grant of summary judgment, arguing (1) the statute of limitations barred the claims at issue and (2) Rosen Hagood, LLC breached its duty of loyalty, forfeiting its right to compensation. Rosen Hagood seeks review of the circuit court's denial of its

requests for attorney's fees and prejudgment interest. Rosen Hagood also seeks review of the circuit court's calculation of damages. We affirm the grant of summary judgment, reverse the denial of prejudgment interest and the calculation of damages, and remand for reconsideration of these two issues.

## FACTS/PROCEDURAL HISTORY

On May 25, 2016, Henson signed an agreement with Rosen Hagood to retain their legal services related to a probate action. The agreement described, among other things, the retainer, hourly billing rates, factors in determining fees, and litigation costs that Henson was responsible for paying. The agreement also provided that Henson could terminate the attorney-client relationship and outlined how to do so.

In early 2017, Henson lost confidence in Rosen Hagood. As a result, he discontinued payments for its services; he made his last payment on March 2, 2017. Despite Henson's failure to pay, Rosen Hagood continued to provide its legal services. Henson did not make any effort to terminate Rosen Hagood as his counsel. In November 2019, two and a half years after Henson stopped making payments, Rosen Hagood filed a motion to withdraw as counsel in the probate action. The probate court granted the motion on November 25, 2019.

In December 2020, Rosen Hagood commenced the present action against Henson, alleging breach of contract and seeking $161,671.96 for the unpaid bills for its legal services. Rosen Hagood filed a motion for summary judgment. The circuit court held a hearing on the motion at which Rosen Hagood noted it was also seeking prejudgment interest and attorney's fees.

In a form 4 order, the circuit court granted Rosen Hagood's motion for summary judgment and denied its request for "accrued" interest. The circuit court awarded Rosen Hagood $158,369.96 for unpaid fees and expenses. This appeal followed.

## LAW/ANALYSIS

### I. Prejudgment Interest

Rosen Hagood asserts the circuit court erred in denying its request for prejudgment interest because pursuant to section 34-31-20(A) of the South Carolina Code (2020), prejudgment interest is mandatory when the measure of recovery is a

sum certain or capable of being reduced to certainty, even if the parties do not agree on the amount of the obligation.

"The determination of the appropriateness of an award of [prejudgment] interest . . . is a question of law because the right to relief is entirely statutory." *Keane v. Lowcountry Pediatrics, P.A.*, 372 S.C. 136, 143, 641 S.E.2d 53, 57 (Ct. App. 2007).

Section 34-31-20(A) requires interest to be drawn when there is a claim for liquidated damages. S.C. Code Ann. § 34-31-20(A) ("In all cases of accounts stated and in all cases wherein any sum or sums of money shall be ascertained and, being due, *shall* draw interest according to law . . . ." (emphasis added)); *Calhoun v. Calhoun*, 339 S.C. 96, 102, 529 S.E.2d 14, 18 (2000) ("Use of the word 'shall' in a statutory provision indicates the provision is mandatory."); *Butler Contracting, Inc. v. Ct. St., LLC*, 369 S.C. 121, 133, 631 S.E.2d 252, 258–59 (2006) ("[P]rejudgment interest is allowed on a claim of liquidated damages; i.e., the sum is certain or capable of being reduced to certainty based on a mathematical calculation previously agreed to by the parties. Prejudgment interest is not allowed on an unliquidated claim in the absence of an agreement or statute.").

We hold the circuit court erred in denying Rosen Hagood prejudgment interest because the sum at issue here is certain based on the invoices and the contractual provisions regarding the billing formula. The mandatory nature of the statute requires the court to award prejudgment interest on sum certain amounts when requested by a party. Henson's claim that he does not owe the unpaid fees because Rosen Hagood breached its duty of loyalty does not affect whether prejudgment interest is allowable. *Butler Contracting, Inc.*, 369 S.C. at 134, 631 S.E.2d at 259 ("It is the character of the claim and not the defense to it that determines whether prejudgment interest is allowable."). Thus, we reverse and remand to the circuit court to determine the amount in prejudgment interest to be awarded.

## II.    Attorney's Fees

Rosen Hagood asserts the circuit court erred in denying its request for attorney's fees for the present collection action because the agreement between the parties expressly authorized recovery of attorney's fees.

We hold this issue is not properly before this court for review. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("The losing party must first try to convince the lower court it is has ruled wrongly and

then, if that effort fails, convince the appellate court that the lower court erred. This principle underlies the long-established preservation requirement that the losing party generally must both present his issues and arguments to the lower court and obtain a ruling before an appellate court will review those issues and arguments."). The form 4 order stated that Rosen Hagood was not "entitled to any attorney's fees or costs accrued after November 25, 2019 . . . . According to Exhibit B of [Rosen Hagood's] motion, that would put [Henson's] balance at $158,369.96." Exhibit B is Rosen Hagood's Client Ledger Report for Henson. The report *only* covered the work Rosen Hagood did in relation to the probate action. It contained no fees or costs related to the present action, which were reflected in a separate affidavit of attorney's fees provided to the circuit court. Thus, the record is clear that the circuit court did not issue any ruling as to Rosen Hagood's request for attorney's fees and costs related to the collection action, and Rosen Hagood did not file a Rule 59(e), SCRCP, motion to request the circuit court issue any ruling on attorney's fees.

## III.  Judgment Amount

Rosen Hagood argues the circuit court erred by failing to include the final invoice dated December 11, 2019, for $3,302.50 in the award total because the invoice was for legal services provided before Rosen Hagood was relieved as counsel on November 25, 2019.[1]

We hold the circuit court erred in its calculation of Rosen Hagood's damages because the evidence in the record shows the December 11 invoice should have been included in the total award for unpaid bills. The agreement between the parties provided that in the event Rosen Hagood withdrew as counsel, Rosen Hagood would be "entitled to be paid for all services rendered and disbursements and other charges made or incurred on behalf of the client prior to the date of withdrawal." The record on appeal contains a detailed transaction file list that reflects Rosen Hagood did not bill for any work conducted after November 25, 2019—the date of withdrawal—and shows the total legal fees and costs amounted to $188,281.55, with $26,584.59 already paid by Henson. There is no evidence that the December 11 invoice was for work conducted after November 25. We reverse and remand for the circuit court to recalculate the award to reflect the work Rosen Hagood billed for work performed before November 25, 2019. *See Trotter v. Trane Coil Facility*, 393 S.C. 637, 651, 714 S.E.2d 289, 296 (2011) (correcting what are "clearly scrivener's errors" in an order).

---

[1] Rosen Hagood describes this as an error in awarding attorney's fees. It is not. This is about the calculation of the award of damages in a breach of contract action.

## IV.    Summary Judgment

Henson argues the circuit court erred by granting Rosen Hagood's motion for summary judgment because Rosen Hagood's claim was barred by the statute of limitations and because there was a genuine issue of material fact as to whether Rosen Hagood breached its duty of loyalty to Henson.

"Summary judgment is proper when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law." *Williams v. Jeffcoat*, 444 S.C. 224, 233, 906 S.E.2d 588, 593 (2024).  "On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in the light most favorable to the non-moving party." *Id.* at 233–34, 906 S.E.2d at 593.

With regard to the statute of limitations argument, we hold the circuit court did not err in granting summary judgment because the statute of limitations does not bar the claims here.  The parties agree that Henson stopped paying his bills in March 2017 and made no effort to make payments after that point.  Claims by attorneys seeking unpaid fees differ from typical breach of contract claims that accrue at the moment of breach because attorneys owe a fiduciary duty to their clients and cannot unilaterally withdraw from representation without permission from the court, which could result in the attorney-client relationship continuing after the initial breach.  *See Spence v. Wingate*, 395 S.C. 148, 158–59, 716 S.E.2d 920, 926 (2011) ("The relationship of an attorney with his or her client is 'highly fiduciary in its nature and of a very delicate, exacting and confidential character, requiring a high degree of fidelity and good faith.'" (quoting *Weatherford v. Price*, 340 S.C. 572, 582, 532 S.E.2d 310, 315 (Ct. App. 2000))); *Tuten v. Joel*, 410 S.C. 104, 114, 763 S.E.2d 54, 59 (Ct. App. 2014) ("The principle that an attorney may not unilaterally withdraw from an attorney-client relationship without notice to the client is fundamental to the fiduciary nature of legal representation."); *Graham v. Town of Loris*, 272 S.C. 442, 452, 248 S.E.2d 594, 599 (1978) ("An attorney who undertakes the conduct of an action impliedly stipulates to carry it to its termination and is not at liberty to abandon it without reasonable cause and reasonable notice."); Rule 1.16(c), RPC, Rule 407, SCACR ("A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation.  When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.").

South Carolina courts have not yet had cause to rule on whether an active attorney-client relationship tolls the statute of limitations for a collections action against the client brought by the attorney, but other states have adopted the following rule: "[T]he statute of limitations for attorney fees arising from a retainer agreement, permitting periodic hourly billing, commences when the services are concluded or attorney-client relationship is ended, whichever occurs first." *Pellettieri, Rabstein & Altman v. Protopapas*, 890 A.2d 1022, 1023 (N.J. Super. Ct. App. Div. 2006); *see also Mitchell v. Guardian Sys., Inc.*, 804 A.2d 1004, 1008 (Conn. App. Ct. 2002) ("When the claim for attorney['s] fees is based upon continuous legal representation, the statute of limitations does not begin to run until the legal services are complete . . . . The statute of limitations is tolled during the pendency of the continuous representation." (quoting *Doe v. State*, 579 A.2d 37, 41 (Conn. 1990))); *Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, P.C. v. Bakshi*, 771 N.W.2d 411, 419 (Mich. 2009) (holding that "because [the law firm's] obligations to [the client] continued until the [court] terminated the relationship, we hold that [the law firm's] cause of action to recover attorney['s] fees accrued on the date that the attorney-client relationship was terminated"). This reasoning accommodates the unique nature of the attorney-client relationship and harmonizes with our rules of professional conduct. Accordingly, we hold the collections claim did not accrue until the probate court granted Rosen Hagood's motion to withdraw as Henson's counsel on November 25, 2019.

With regard to the alleged breach of the duty of loyalty, we hold the circuit court did not err in granting summary judgment because beyond Henson's testimony, there was no evidence of a duty of loyalty breach. Henson never articulated how his attorney breached his duty of loyalty other than conjecture and speculation. Further, in his deposition, Henson conceded he did not terminate Rosen Hagood, even though he was attempting to hire alternative counsel during the period after he ceased paying Rosen Hagood for its services. Henson's own actions reflect his lack of concern about Rosen Hagood's loyalty and accepted its legal counsel for two-and-a-half years after he allegedly became concerned. Thus, even viewing the evidence in a light most favorable to the non-moving party, there is no genuine issue of material fact as to whether the attorney breached the duty of loyalty and the circuit court did not err in granting summary judgment in favor of Rosen Hagood.

For the foregoing reasons, the decision of the circuit court is

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**[2]

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ. concur.**